495 So.2d 801 (1986)
Effie Dell CASSIDY, As Guardian of the Person of Kenneth Cassidy, Florida National Bank, As Guardian of the Property of Kenneth Cassidy, and Sharon Cassidy, As Wife of Kenneth Cassidy, Appellants,
v.
The FIRESTONE TIRE & RUBBER COMPANY, a Corporation, Ford Motor Company, a Corporation, and the Budd Company, Appellees.
No. BK-198.
District Court of Appeal of Florida, First District.
September 23, 1986.
Rehearings Denied October 23, 1986.
Thomas T. Remington, of Smith, Grimsley, Remington & Kessler, Ft. Walton Beach, for appellants.
G. Jack Hardy and G. William Bissett, of Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson, Miami, for appellee Firestone.
Gerald A. McGill, of Southworth & McGill, Pensacola, for appellee Ford Motor Co.
Thomas P. Schult, of Lathrop, Koontz & Norquist, Kansas City, Mo., and J. Dixon Bridgers, III, Carol R. Tierney, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Pensacola, for appellee The Budd Co.
Cathy Jackson Burris, Ft. Lauderdale, for amicus curiae Academy of Florida Trial Lawyers.
Edward T. O'Donnell, of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for amicus curiae The Product Liability Advisory Council, Inc.
*802 Sharon Lee Stedman, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, for amicus curiae, Florida Defense Lawyers Ass'n.
WENTWORTH, Judge.
Appellants seek review of a summary final judgment entered in a products liability action for a 1982 injury, asserting that the court erred by applying section 95.031(2), Florida Statutes. We affirm the order appealed.
Section 95.031(2), Florida Statutes (1982),[1] provided that:
Actions for products liability ... must be begun .. . within 12 years after the date of delivery of the completed product to its original purchaser... .
Appellants' action involves an injury which occurred more than twelve years after the allegedly defective product was delivered to the original purchaser, and the action was thus not begun within the period prescribed by section 95.031(2). Both the injury and the commencement of the action occurred subsequent to the Florida Supreme Court's decision in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1981), that in those circumstances "section 95.031(2) denies access to courts under article I, section 21, Florida Constitution." However, after appellants' action was filed the supreme court receded from Battilla and upheld the constitutionality of section 95.031(2) in Pullum v. Cincinnati Inc., 476 So.2d 657 (Fla. 1985). As in the present case, in Pullum summary judgment was granted to bar a products liability action by application of section 95.031(2).
Appellants contend that Pullum should not be given effect in the present case, since appellants' action was filed after the decision in Battilla but prior to the decision in Pullum. However, appellants have shown no substantial inequity or unfairness which would result upon application of the Pullum ruling, nor does the decision in Pullum suggest that it should be limited to prospective application.[2] As indicated in Florida Forest & Parks Service v. Strickland, 18 So.2d 251 (Fla. 1944), decisions overruling earlier precedent are generally given retroactive effect whereby judicial construction of a statute is deemed to relate back to the enactment of the statute. Appellants have shown no cause to depart from this general rule in the present case.[3] We therefore determine that Pullum should be given effect and appellants' action is barred by section 95.031(2), Florida Statutes (1982).
The order appealed is affirmed.
SMITH and BARFIELD, JJ., concur.
NOTES
[1] The statute has since been amended. See Chapter 86-272, Laws of Florida (1986).
[2] Appellants' only suggestion of reliance on Battilla is the financial cost of initiating litigation. This assertion does not encompass a detrimental change in legal position, and such financial reliance does not preclude application of the Pullum decision in the present case. We note also that in denying rehearing the supreme court in Pullum rejected a contention that the decision should not apply to a pending action.
[3] Several cases in federal district court have addressed this issue with varying results. E.g. compare Eddings v. Volkswagenwerk, A.G., 635 F. Supp. 45 (N.D.Fla. 1986), and Lamb v. Volkswagenwerk Aktiengesellschaft, 631 F. Supp. 1144 (S.D.Fla. 1986), with George v. Firestone Tire & Rubber Co., Case No. GCA-85-0117-MMP (U.S.D.C.N.Fla. June 13, 1986), and Owens v. Firestone Tire & Rubber Co., Case No. 84-350-Civ-T-10 (U.S.D.C.M.Fla. Jan. 28, 1986) [Available on WESTLAW, DCTU Database].