502 So.2d 943 (1987)
Katherine SMALL and Charles Small, Appellants,
v.
NIAGARA MACHINE & TOOL WORKS, Appellee.
No. 86-1161.
District Court of Appeal of Florida, Second District.
January 20, 1987.
Rehearing Denied February 23, 1987.
James E. Deakyne, Jr., St. Petersburg, for appellants.
Thomas J. Roehn and Robert M. Daisley of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellee.
SANDERLIN, Judge.
In this case, plaintiffs (the Smalls) appeal the trial court's order granting final summary judgment in favor of the defendant (Niagara). For the reasons stated below, we affirm.

FACTS
In 1950, Niagara manufactured a punch press and delivered it to its initial purchaser. Thereafter, the punch press was sold to Modern Tool and Die Company, Mrs. Small's employer in Pinellas County.
On June 26, 1981, Mrs. Small was operating the punch press when she sustained a *944 serious injury to her right hand. She lost two fingers.
On April 20, 1983, Mrs. Small and her husband filed a lawsuit against Niagara. The four count complaint alleged: (1) manufacturer's breach of implied warranty; (2) manufacturer's negligence; (3) manufacturer's strict liability; and (4) a derivative claim brought by Mr. Small seeking damages for loss of affection, society, services, consortium, and companionship. The timeliness of the lawsuit was governed by various sections of chapter 95 which prescribe limitations of actions. The preamble to section 95.031, Florida Statutes (1979), states:
Computation of time.  Except as provided in subsection 95.051(2) and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.
Thus, under the statute, Mrs. Small's cause of action, unless otherwise barred, accrued on June 26, 1981.
Under section 95.11 entitled "Limitations other than for the recovery of real property," the following provisions applied to the suit:
Actions other than for recovery of real property shall be commenced as follows:
... .
(3) WITHIN FOUR YEARS. 
(a) An action founded on negligence.
... .
§ 95.11(3)(a), Fla. Stat. (1979). Count II of the complaint alleged negligence. Since the remainder of the complaint did not deal with specific causes of actions listed under subsection 3, Mrs. Small's remaining counts were governed by subsection 3(p) which allowed four years for "[a]ny action not specifically provided for in these statutes." § 95.11(3)(p), Fla. Stat. (1979).
At the core of our analysis is section 95.031(2), a statute of repose, which provided:

Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was or should have been discovered.
§ 95.031(2), Fla. Stat. (1979) (Emphasis added.).
We conclude that, unless otherwise barred, Mrs. Small was obligated to bring her suit within four years from the date of her injury, i.e., by June 25, 1985. This assumes the statute of repose was inoperative at the time of injury. See Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980). However, when we include the statute of repose in our analysis, we find that since the punch press was delivered in 1950, Mrs. Small, or any other person injured by the punch press, was obliged to bring suit by 1962, if the suit was to be brought against the original manufacturer, in this case, Niagara.
On June 3, 1983, Niagara filed its answer denying all allegations of the complaint and asserted two affirmative defenses: (1) contributory negligence on the part of Mrs. Small and (2) Mrs. Small's receipt of full or partial payment for the loss or injury. Niagara also filed a motion to dismiss citing the Smalls' failure to allege existence of a sale, failure of notice, and failure to allege breach of implied warranty.
On June 5, 1985, the cause was set for trial, but on September 23, 1985, Niagara moved for leave to amend its answer and to raise the twelve-year statute of repose. On that same day, Niagara also filed a motion for summary judgment on the basis of the statute of repose. Attached to the motion was the affidavit of H. Stanton Cheyney. Cheyney attested that he was the vice president of marketing for Niagara Machine; that he had personal knowledge of all the matters involved in the lawsuit; and, most *945 important, he attested that the punch press described in the complaint was "delivered, in completed form, to its initial purchaser in 1950." (Emphasis supplied.) Niagara also amended its answer incorporating the statute of repose as its third affirmative defense. The Smalls moved to strike this defense, but the motion was denied.
On December 9, 1985, the trial court rendered its order of final summary judgment, which cited Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), and found that the twelve-year statute of repose was valid at the time of injury and effectively barred the Smalls' lawsuit.
On May 7, 1986, the Smalls filed their notice of appeal, and soon thereafter, on July 1, 1986, the Florida Legislature amended chapter 95 by deleting the twelve-year statute of repose. See Ch. 86-272, Laws of Fla.
Chapter 86-272 is entitled:
An act relating to limitations of actions; amending s. 95.11, F.S.; reducing the time within which actions for libel and slander must be commenced; amending s. 95.031, F.S.; deleting a limitation upon the initiation of actions for products liability; providing an effective date.
The pertinent sections of the amendment provide:
Section 2. Subsection (2) of section 95.031, Florida Statutes, is amended to read:
95.031 Computation of time.  Except as provided in subsection (2) and in s. 95.051 and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.
(2) Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.
Section 3. Section 1 of this act shall take effect October 1, 1986, and shall apply to causes of action accruing after that date, and Section 2 of this act shall take effect July 1, 1986.
Approved by the Governor July 9, 1986.
Filed in Office Secretary of State July 9, 1986. [Emphasis in original.]
Essentially, the amendment repealed the twelve-year repose provision for products liability, but retained a twelve-year provision for fraud.

THE ISSUE OF RETROACTIVE APPLICATION
The Smalls' primary argument on appeal urges us to apply retroactively the revision of chapter 95 and its repeal of the statute of repose. They argue that the deletion of the twelve-year statute of repose should operate to breathe life into their complaint, even though the legislature made the deletion after final summary judgment was entered below and after the notice of appeal was filed. Niagara, to the contrary, argues that the repeal should not apply retroactively. To resolve this issue, we look no further than Justice Drew's opinion in Foley v. Morris, 339 So.2d 215 (Fla. 1976).
Foley involved a medical malpractice action in which three years had elapsed between the accrual of the cause of action and the filing of the complaint. When the cause of action accrued, the plaintiff was subject to a four-year statute of limitations. But, within the three years spanning the accrual of the cause of action and the filing of the complaint, the legislature had reduced the statute of limitations to two years. The defendants moved for dismissal and asked the court to apply the two-year statute retroactively. Agreeing, the trial court granted the motion and entered *946 a final order of dismissal. The plaintiff appealed to this court and we affirmed, holding that the statute applied retroactively. See Foley v. Morris, 325 So.2d 37 (Fla. 2d DCA 1976). The plaintiff turned to the supreme court, which granted review. In his opinion, Justice Drew noted that the amended statute clearly applied to medical malpractice actions and clearly barred those actions if they were not filed within two years. Foley, 339 So.2d at 216. Most telling, however, was section two of the amended statute which stated: "This act shall take effect on July 1, 1972." Foley, 339 So.2d at 217. Following this quotation of the amendment, the court observed:
Nothing in the language of the act manifests an intention by the legislature to do otherwise than prospectively apply the new two year statute of limitations.
Id. (emphasis supplied). According to the court, the statute, which would have benefited the defendant immensely, could not apply retroactively, since the plaintiff's cause of action, when it accrued, was entitled to a four-year statute of limitations. In reaching its result, the supreme court held:
In most jurisdictions, in the absence of a clear manifestation of legislative intent to the contrary, statutes of limitation are construed as prospective and not retrospective in their operation, and the presumption is against any intent on the part of the legislature to make such a statute retroactive. Thus, rights accrued, claims arising, proceedings instituted, orders made under the former law, or judgments rendered before the passage of an amended statute of limitations will not be affected by it, but will be governed by the original statute unless a contrary intention is expressed by the legislature in the new law.

Id., citing 51 Am.Jur.2d Limitation of Actions § 57 (1970) (emphasis supplied). The supreme court concluded:
Since the legislative intent to provide retroactive effect to section 95.11(6), Florida Statutes, is not express, clear, or manifest, we conclude that it does not apply to causes of action occurring prior to its effective date.
Id. Foley governs our decision on this point. We hold that the statute of repose is entitled to the same judicial construction as a statute of limitation and with Foley as our authority, we hold that the legislature's abolition of the twelve-year statute of repose cannot be applied retroactively to breathe life into the Smalls' complaint. See also Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla. 1981).

DENIAL OF ACCESS TO THE COURTS
The Smalls' second argument for reversal suggests that the supreme court's decision holding the twelve-year statute of repose unconstitutional, Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), should be interpreted by this court to allow their claim even though the supreme court in a subsequent decision, Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), has expressly receded from Battilla and has held that the statute of repose is not unconstitutional as a denial of access to the courts. We are not persuaded by this argument.
In Pullum, the supreme court receded from Battilla, and held that section 95.031(2) does not violate article I, section 21 of the Florida Constitution. In its opinion, the court analyzed the history of the statute and recognized that:
The legislature, in enacting this statute of repose, reasonably decided that perpetual liability places an undue burden on manufacturers, and it decided that twelve years from the date of sale is a reasonable time for exposure to liability for manufacturing of a product.
Pullum, 476 So.2d at 659. But for Battilla, the statute of repose was operative when Mrs. Small was injured in 1981. In light of Pullum, we give proper construction to the statute and find that the Smalls' lawsuit is barred.
As further support for our decision, we call attention to the case of Cassidy v. Firestone Tire & Rubber, 495 So.2d 801 (Fla. 1st DCA 1986), in which our sister *947 court recently considered facts and time sequences remarkably similar to the case sub judice.
Cassidy was a products liability case involving an appeal from a summary final judgment in favor of the defendant. The trial court's decision was based on section 95.031(2), Florida Statutes (1982), the twelve-year statute of repose. The plaintiff's injury occurred more than twelve years after the allegedly defective product was delivered to the original purchaser. On appeal, the plaintiffs argued that Pullum should not be applied to their case, since their action was filed after the supreme court's decision in Battilla, but before Pullum was handed down. In rejecting this argument, the first district reasoned:
[A]ppellants have shown no substantial inequity or unfairness which would result upon application of the Pullum ruling, nor does the decision in Pullum suggest that it should be limited to prospective application.
Cassidy, 495 So.2d at 802. Accordingly, the court affirmed the summary final judgment in favor of the defendants, holding that Pullum was applicable and plaintiffs' action was barred by section 95.031(2). We agree with Cassidy. See also American Liberty Insurance Co. v. West and Conyers, Architects and Engineers, 491 So.2d 573 (Fla. 2d DCA 1986) (Pullum did not deny access to courts to plaintiffs whose cause of action did not accrue until after twelve-year statute of repose had run).
At oral argument, counsel for the Smalls suggested that the financial cost of litigation spent in reliance upon Battilla constituted a detrimental change in legal position which was further exacerbated by the eventual Pullum decision. Counsel argued that this constituted inequity or unfairness to his clients. We recognize their dilemma, but note that the court in Cassidy also addressed and dismissed this issue. See Cassidy, 495 So.2d at 802, n. 2. We choose to do the same. See also Pullum, 476 So.2d at 659 ("The legislature, in enacting this statute of repose, reasonably decided that perpetual liability places an undue burden on manufacturers, and it decided that twelve years from the date of sale is a reasonable time for exposure to liability for manufacturing of a product.").
Although our decision may seem unfair or inequitable, we believe it adheres to basic tenets of stare decisis and the separation of powers doctrine. Bearing this in mind, we suggest that the Smalls' assertions of inequity would more properly be lodged against our legislature. See, e.g., American Liberty Insurance Co. v. West and Conyers, Architects and Engineers, 491 So.2d at 575.
For reasons expressed in the above decisions, we are compelled to affirm the trial court's order of final summary judgment in favor of Niagara.
DANAHY, C.J., and SCHEB, J., concur.