505 So.2d 441 (1987)
Megan L. WILLER and William Willer, Her Husband, Appellants,
v.
Judith P. PIERCE, Volkswagenwerk Aktiegesellschaft, A.G., and Volkswagen of America, Inc., Appellees.
No. 4-86-0955.
District Court of Appeal of Florida, Fourth District.
April 29, 1987.
Karen E. Roselli of Krupnick, Campbell, Malone & Roselli, P.A., Fort Lauderdale, for appellants.
Michael Hoenig of Herzfeld and Rubin, P.C., New York, and Peter L. Wechsler, Myron Shapiro, and Wendy F. Lumish of Rumberger, Wechsler & Kirk, Miami, for appellees.
PER CURIAM.
We affirm, although we have considerable sympathy for the appellants who have apparently been deprived of a cause of action even before such cause arose by reason of the operation of the 12-year statute of repose, see Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), which was abolished by the legislature in 1986. Notwithstanding our affirmance we certify the following questions to the Florida Supreme Court as issues of great public importance:
1. DOES THE SUPREME COURT DECISION IN PULLUM APPLY RETROACTIVELY SO AS TO BAR CAUSES OF ACTION THAT ACCRUED BEFORE THE DATE OF THAT DECISION?
2. SHOULD THE ABOLITION OF THE 12-YEAR STATUTE OF REPOSE BY THE LEGISLATURE BE CONSTRUED TO OPERATE RETROACTIVELY TO PRESERVE CAUSES OF ACTION THAT ACCRUED PRIOR THERETO?
ANSTEAD and GLICKSTEIN, JJ., and KLEIN, HERBERT M., Associate Judge, concur.