PER CURIAM.
We affirm upon authority of Wilier v. Pierce, 505 So.2d 441 (Fla. 4th DCA 1987); Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987); Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987); and Pait v. Ford Motor Co., 500 So.2d 743 (Fla. 5th DCA 1987).
Further we certify under Florida Rule of Appellate Procedure 9.125(a) the following questions to the Supreme Court of Florida:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT.
II. IF NOT, WHETHER THE DECISION' OF PULLUM V. CINCINNATI, INC., 476 S0.2D 657 (FLA.1985), APPEAL DISMISSED, — U.S. -, 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MFG. CO., 392 S0.2D 874 (FLA.1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PUL-LUM DECISION.
Finally, in recognition that the merits of this case may be reached if the Florida Supreme Court answers the certified questions in the affirmative, we affirm the issue on cross appeal. Cross appellant’s motion for summary judgment was properly denied, because there are genuine issues of material fact which present a question for the jury and precludes entry of summary judgment.
AFFIRMED.
DOWNEY, DELL and WALDEN, JJ., concur.