LETTS, Judge.
A plaintiff, who in May of 1984 tragically lost several fingers while operating a press brake machine which was sold to the original purchaser in March of 1972, appeals an adverse summary final judgment entered against her. We affirm.
Needless to say, the summary judgment was based on the since repealed twelve year Statute of Repose. See Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985). As a consequence, this cause falls into the same category as a host of other cases of great public importance now before our Supreme Court by reason of certified questions.
We find no reason to elaborate on the facts or the issues and content ourselves with a parroting of the same two certified questions which we employed in Willer v. Pierce, 505 So.2d 441 (Fla. 4th DCA 1987), and Carroll v. Volkswagen of America, 508 So.2d 556 (Fla. 4th DCA 1987), to wit:
1. DOES THE SUPREME COURT DECISION IN PULLAM APPLY RETROACTIVELY SO AS TO BAR CAUSES OF ACTION THAT ACCRUED BEFORE THE DATE OF THAT DECISION?
2. SHOULD THE ABOLITION OF THE TWELVE YEAR STATUTE OF REPOSE BY THE LEGISLATURE BE CONSTRUED TO OPERATE RETROACTIVELY TO PRESERVE CAUSES OF ACTION THAT ACCRUED PRIOR THERETO?
We do not deem it necessary at this time to address the issue raised by the cross appeal.
AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.