THOMPSON, Judge.
The lower court entered a summary final judgment in favor of appellee/defendants in appellant’s products liability suit. We affirm.
The facts of the case are undisputed. Appellant sustained personal injuries in 1981 when a gun manufactured and distributed by appellees discharged when it was dropped. The gun was delivered to its original purchaser in 1963. In 1984 appellant filed suit. Because appellant’s cause of action accrued more than twelve years after the date of the gun’s delivery to its original purchaser, summary judgment was granted based on the twelve year statute of repose, § 95.031(2) Fla. Stat. (1983).
Section 95.031(2), Fla.Stat. became law in 1975. In Battilla v. Allis Chalmers Manufacturing Company, 392 So.2d 874 (Fla. 1981) the supreme court determined that the statute denied the plaintiff’s access to the courts contrary to art. I, § 21 of the Florida Constitution. Then in 1985 the court receded from Battilla and held that the statute of repose was not unconstitutional. Pullum v. Cincinnati, Inc., 476 *400 So.2d 657 (Fla.1985), appeal dismissed 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986). Shortly thereafter the Florida legislature amended § 95.031(2) to abrogate the statute of repose in product liability actions. Ch. 86-272, § 2, Laws of Fla.
The Pullum decision validated the statute of repose as of its effective date. Cassidy v. Firestone Tire & Rubber Company, 495 So.2d 801 (Fla. 1st DCA 1986), review denied 506 So.2d 1040 (Fla.1987). The legislature’s amendment of § 95.031(2), absent any express intent to the contrary, operates prospectively only. Small v. Niagara Machine and Tool Works, 502 So.2d 943 (Fla. 2d DCA), review denied 511 So.2d 999 (Fla.1987). The Florida Supreme Court has recently confirmed the correctness of these decisions in answering two questions certified by the Third District Court of Appeal. Melendez v. Dreis and Krump Manufacturing Company, 515 So.2d 735 (Fla.1987). Accordingly, appellant’s action was barred by the statute of repose and the legislature’s subsequent repeal of that statute has no effect on his suit.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.