PER CURIAM.
The district court of appeal in Harrison v. Hyster Co., 502 So.2d 100 (Fla. 2d DCA 1987), affirmed the dismissal of petitioners’ product liability action upon the authority of Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987). The only basis upon which it could be asserted that this Court had jurisdiction to review the Harrison decision was the rationale of Jollie v. State, 405 So.2d 418 (Fla. 1981), in which we said:
We thus conclude that a district court of appeal per curiam opinion which cites as controlling authority a decision that is either pending review in or has been reversed by this Court continues to constitute prima facie express conflict and allows this Court to exercise its jurisdiction.
Id. at 420. Since a petition for review of Small had been filed in this Court, we accepted jurisdiction on the petition for review filed in the instant case. Subsequently, however, this Court declined to accept jurisdiction in Small and denied the petition for review. Small v. Niagara Machine & Tool Works, 511 So.2d 999 (Fla. 1987).
The anomaly of reviewing a decision because it was decided upon the authority of another decision which was never reviewed on the merits by this Court has caused us to conclude that we should not have accepted jurisdiction of this case until it was determined to accept jurisdiction in Small. Jollie’s reference to the “controlling authority ... that is ... pending review” refers to a case in which the petition for jurisdictional review has been granted and the case is pending for disposition on the merits. Since Small never reached that status, our order accepting jurisdiction in this case was improvidently issued, and we now deny the petition for review.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.