WENTWORTH, Judge.
Appellant seeks review of an August 13, 1987 workers’ compensation order by which his claim for permanent total disability benefits', wage loss, medical bills and attorney’s fees, costs, interest and penalties was dismissed as barred by the statute of limitations, section 440.19(l)(b), Florida Statutes. We affirm.
Appellant contends the deputy commissioner erred in looking to the intent of section 440.19(l)(d), Florida Statutes, infra, arguing that the language of the section is unambiguous and clear, and allows for the refiling of a claim for benefits within sixty days of the dismissal of such claim “regardless of any other limitation in this chapter.”
Section 440.19(l)(d) was amended, effective July 1983. The amendment added the following provision to the existing statute:
When any claim is dismissed pursuant to this Section the claimant shall be allowed sixty days from the date of the order of dismissal in which to file an amended claim regardless of any other limitation provisions in this chapter.
Section 440.19(2)(a), Florida Statutes (1979), provides:
The right to compensation .'.. shall be barred unless a claim therefor ... is filed within 2 years after the time of injury, except that, if payment of compensation has been made or remedial treatment or rehabilitative services have been furnished by the employer on account of such injury, a claim may be filed within 2 years after the date of the last remedial treatment or rehabilitative services furnished by the employer.
The deputy found:
1) The written stipulation entered into by the parties and received into evidence as Deputy Commissioner’s exhibit number one are accepted and adopted by the undersigned as findings of fact.
2) The parties stipulated to the following items: the last medical benefits provided by the employer/carrier were on June 8, 1982; the last compensation indemnity benefits paid by the carrier were on July 22, 1982; a claim dated November 19, 1984, was filed with the Division on November 26, 1984; an order was entered by the undersigned on October 22, 1985, dismissing the claim; and a claim dated *721 December 6, 1985, by the claimant was filed with the Division on December 9, 1985.
3) It is the finding of the undersigned that the claim dated November 19, 1984, was barred by the statute of limitations at the time it was filed.
4) In an attempt to revive the statute of limitations, the claimant has attempted a unique procedure. He filed a Motion dated September 24, 1985, requesting the undersigned to dismiss his own claim for being too vague under sec. 440.19(l)(d), Florida Statutes. The undersigned then signed an order which had been prepared by the claimant which dismissed the claim under that Section.
5) The claimant then filed a new claim dated December 12, 1985, and at the hearing before the undersigned argued that the new claim was not barred by the statute of limitations because sec. 440.-19(l)(d), Florida Statutes, provides that, ‘When any claim is dismissed pursuant to this Section, the claimant shall be allowed sixty days from the date of the order of dismissal in which to file an amended claim regardless of any other limitation provisions in this Chapter.’ (Underline added).
6) The undersigned does reject the argument of the claimant ... that the intent of the recited section was not to be used as a vehicle for the claimant to use for the purpose of reviving a claim that was already barred by the statute of limitations when it was initially filed. Rather, the purpose of the statute is to allow the claimant an additional sixty days to refile a claim without any interference with the statute of limitations in those situations where the claim was timely filed initially, and then was dismissed on motion of the employer/carrier for vagueness, and when a dismissal by the deputy commissioner would otherwise cause a statute of limitations problem because the statute of limitations period had run between the time the claim was initially timely filed and then was dismissed by the deputy commissioner.
Because a literal reading of subsection (l)(d) does cause confusion when read in pari materia with the subsection (2)(a) two-year statute of limitation, the deputy commissioner properly resorted to principles of statutory construction, -including consideration of legislative intent. Appellant’s interpretation of subsection (l)(d) would render the two-year limitation period a nullity by allowing a barred claim-to be revived upon the dismissal of that claim and the refiling of a second amended claim within the 60-day period. The deputy commissioner found that:
the purpose of the statute is to allow the claimant an additional sixty days to refile a claim without any interference with the statute of limitations in those situations where the claim was timely filed initially, and then was dismissed ... and when a dismissal by the deputy commissioner would otherwise cause a statute of limitations problem because the statute of limitations period had run between the time the claim was initially filed and then was dismissed ....
The amendment is described as “providing for amended claims” in the title to Chapter 83-805 (HB 1277), 1983 Fla.Laws. No intent to indefinitely extend the two-year limitation period of subsection (2)(a) is evident in the title of the act or the wording of the amendment.
Appellant’s claim of November 19, 1984 was time-barred by the two-year statute of limitations under section 440.19(2)(a), Florida Statutes (1979). The date of the last compensation payment furnished by the employer was July 22,1982 (the date of the last medical care furnished by the employer was June 8, 1982), more than two years prior to the claim. The fact that the deputy commissioner dismissed the November 1984 claim for vagueness pursuant to section 440.19(l)(d) would not preclude his later determination, in dismissing the amended claim, that the initial claim was time barred under section 440.19(2)(a). Even if appellant’s interpretation of amended section 440.19(l)(d) were tenable, a claim once barred by the statute of limitations is not ordinarily revived by a later legislative act. See Walter Denson & Son v. Nelson, 88 So.2d 120 (Fla.1956), holding that the legislature has the power to increase a prescribed limitation period and to make it applicable to existing causes of action pro *722 vided the change in the law is effective before the cause of action is extinguished by the force of a preexisting statute; Varnadore v. Rohm-Gesellschaft, A.G., 515 So.2d 399 (Fla. 1st DCA 1987), holding that the legislature’s abolition of the 12-year statute of repose could not be applied to “breathe life” into a complaint already barred by the statute of repose. The fact that amended subsection (l)(d) was effective July 1983 during the two-year limitation period between July 1982 and July 1984 would not appear to be significant. Appellant did not file his cause of action until November 1984, four months after the expiration of the two-year limitation period. When the amendment was enacted in 1983, no cause of action yet existed to which the amendment would have been applicable.
The foregoing analysis assumes, without deciding, the applicability of the 1983 amendment to this claim arising from a 1980 accident. Because thé amendment, even if applicable, does not permit the claim, we need not consider the deputy’s resolution of the alternative issue argued for dismissal, i.e., whether the amendment is substantive and inapplicable to claims from prior accidents.
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.