WETHERELL, J.
Appellant seeks review of the final order dismissing his negligence action against the Department of Corrections (DOC) as “frivolous” and entering a civil restitution lien against him in the amount of $250,000. We affirm the dismissal of the negligence action, but we vacate the lien.
On January 29, 1998, Appellant was convicted of first degree murder and sentenced to life in prison without the possibility of parole. He was committed to the custody of DOC on March 31, 1998. On October 7, 2002, DOC staff at the Walton County Correctional Institution (Walton Cl) confiscated 47 of Appellant’s personal photographs because he had 97 photographs in his possession, and DOC rules allowed him to have only 50 photographs. Appellant was given 30 days to have the photographs picked up or mailed to someone outside of the institution, and he was informed that the photographs would be destroyed after the expiration of the 30-day period.
On November 5, 2002, the 29th day after the photographs were confiscated, Appellant was transferred to the Miami-Dade County jail to attend court proceedings. He did not return to Walton Cl until December 23, 2002, and when he asked about the status of the 47 photographs upon his return, he was informed that DOC destroyed the photographs on December 5, 2002.
On January 18, 2005, after exhausting the administrative grievance process at DOC, Appellant filed a complaint alleging that DOC violated its rules and breached a duty of care owed to Appellant by destroying the photographs while he was away from Walton Cl. Appellant subsequently filed an amended complaint, and on March 8, 2006, DOC filed an answer denying lia *126 bility and asserting a counterclaim pursuant to section 960.297(1), Florida Statutes (2005), for the costs of Appellant’s incarceration.
Appellant filed a motion for partial summary judgment in which he argued that the counterclaim was barred by the statute of limitations. Appellant contended that the cause of action asserted in the counterclaim accrued on March 31, 1998, when he was first committed to the custody of DOC, and that the applicable statute of limitations for the action expired on March 31, 2002, long before the counterclaim was filed by DOC.
On March 26, 2008, after a hearing, the trial court denied Appellant’s motion for partial summary judgment and entered a civil restitution lien against Appellant in the amount of $250,000. The trial court also sua sponte dismissed Appellant’s complaint as frivolous under section 57.085(8)(d). This timely appeal followed.
We find no error in the trial court’s dismissal of Appellant’s complaint under section 57.085(8)(d), and affirm that issue without discussion. However, for the reasons that follow, we conclude that the counterclaim asserted by DOC was barred by the statute of limitations and reverse the trial court’s denial of Appellant’s motion for partial summary judgment on that ground.
Our review of the trial court’s denial of Appellant’s motion for summary judgment on the counterclaim is de novo. See Volusia County v. Aberdeen, 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Id. No factual disputes exist with respect to the statute of limitations issue, and as discussed below, Appellant was entitled to a judgment as a matter of law on that issue.
In section 960.29, the legislature made the finding that “there is an urgent need to alleviate the increasing financial burdens on the state ... caused by the expenses of incarcerating convicted offenders.” In an effort to remedy that problem, the legislature expressed its intent to “impose a long-term civil liability for the costs of incarceration, by means of the civil restitution lien, against a convicted offender ....” § 960.29(l)(d), Fla. Stat.; see also § 960.29(4), Fla. Stat. (stating that the civil restitution lien is intended to assist the state in collecting the costs “incur[red] as a result of the implementation of a convicted offender’s sentence”).
An offender’s liability for the costs of incarceration exists as a matter of law upon the offender’s conviction. §§ 960.292(1), 960.293(2), Fla. Stat. The amount of the liability is established by section 960.263, which provides in pertinent part:
(2) Upon conviction, a convicted offender is liable to the state ... for damages and losses for incarceration costs and other correctional costs.
(a) If the conviction is for a capital or life felony, the convicted offender is liable for incarceration costs and other correctional costs in the liquidated damage amount of $250,000.
“The civil restitution lien shall be made enforceable by means of a civil restitution hen order.” § 960.292, Fla. Stat. The sentencing court has the authority to enter such orders on its own motion or upon motion by the state. § 960.292(1), Fla. Stat.; see also Wilson v. State, 957 So.2d 683 (Fla. 5th DCA 2007); Cruz v. State, 742 So.2d 489 (Fla. 3d DCA 1999); City of Ft. Lauderdale v. Ilkanic, 683 So.2d 563 (Fla. 4th DCA 1996), approved, 705 So.2d 1371 (Fla.1998). Alternatively, the state *127 may seek recovery of the amounts provided for in section 960.293 “in a separate civil action or as a counterclaim in any civil action.” See § 960.297(1), Fla. Stat.
This case involves a civil restitution lien order entered based upon a counterclaim filed pursuant to section 960.297(1), not a civil restitution lien order entered by the sentencing court under section 960.292(2). This distinction is significant because, as a civil action, the counterclaim is subject to the provisions of chapter 95 and the rules of civil procedure.
Section 95.011 provides that a “civil action ... including one brought by the state ... shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.” (emphasis added). Section 95.11(3)(f) provides that a four-year statute of limitation applies to “[a]n action founded on a statutory liability.” An action brought pursuant to 960.297(1) is founded on the statutory liability incurred by the convicted offender upon his conviction. See §§ 960.292(1), 960.293(2), Fla. Stat. Therefore, because section 960.297(1) does not prescribe a time period within which the state must bring an action under the statute, the four-year statute of limitations in section 95.11(3)(f) applies. See Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000) (holding that general statute of limitations applied where statutory subsection on which claim was based did not specify limitations period).
In denying Appellant’s motion for partial summary judgment, the trial court ruled that the time for filing a claim for the costs of incarceration did not begin to run until Appellant filed his action for damages against DOC. This was error.
The statute of limitations begins to run when the last element of the cause of action occurs. See § 95.031(1), Fla. Stat. The plain language of section 960.293(2) provides that a life-sentenced offender is liable to the state for incarceration costs in a liquidated amount “upon conviction.” See also § 960.292(1), Fla. Stat. (“Upon conviction, the convicted offender shall incur civil liability for damages and losses to ... the state ... as set forth in s. 960.293.” (emphasis added)). By the terms of the statute, the offender’s conviction is the last element of the action to occur. Thus, we conclude that the state’s cause of action under section 960.297(1) to recover “the damages and losses set forth in s. 960.293” accrues upon the offender’s conviction.
The filing of the action as a counterclaim does not impact the statute of limitations. The counterclaim authorized by section 960.297(1) is, in this case, a permissive counterclaim because it does not arise out of the same transaction or occurrence giving rise to Appellant’s complaint. See Fla. R. Civ. P. 1.170(b). The statute of limitations will not bar the filing of a compulsory counterclaim, see Allie v. Ionata, 503 So.2d 1237 (Fla.1987), but it is well-settled that a permissive counterclaim will be barred if it is filed beyond the statute of limitations. See DuBreuil v. James, 365 So.2d 184 (Fla. 3d DCA 1978).
In an effort to avoid the application of the statute of limitations to bar its counterclaim, DOC argued that a cause of action under section 960.297(1) does not accrue until the offender is released from prison, and because Appellant is still incarcerated, the statute of limitations has not yet started to run. This argument is contrary to the plain language of sections 960.292(1) and 960.293(2), which state that a convicted offender is hable to the state for incarceration costs “upon conviction.” Nothing in these statutes suggest that liability for incarceration costs is not *128 triggered until the offender is released, particularly with respect to life-sentenced offenders such as Appellant for which the term of incarceration is known at the time of sentencing and the statute liquidates the costs at $250,000. See also Miami-Dade County v. Moss, 842 So.2d 284 (Fla. 3d DCA 2003) (holding that the county was entitled to recover compensation for the number of days in the convicted offender’s sentence, rather than only the number of days actually served).
The legislature amended section 960.297 in 2009 to prescribe a specific statute of limitations for actions to recover incarceration costs. See ch. 2009-63, § 17, Laws of Fla. The statute, as amended effective July 1, 2009, provides that “[c]ivil actions authorized by this section may be commenced at any time during the offender’s incarceration and up to 5 years after the date of the offender’s release from incarceration or supervision, whichever occurs later.” See § 960.297(3), Fla. Stat. (2009). However, this new statute of limitations does not apply in this case because the state’s cause of action against Appellant under section 960.297(1) was extinguished by the existing statute of limitations on January 29, 2002, well before the new statute became effective. See Wiley v. Roof, 641 So.2d 66, 68 (Fla.1994); Garza v. Jordan Farms, 532 So.2d 720, 721 (Fla. 1st DCA 1988).
We recognize that our holding has the potential to limit the state’s ability to recover incarceration costs from convicted offenders under section 960.297, but it does not affect the state’s ability to pursue a restitution lien through the sentencing court under section 960.292(2). Moreover, our holding will serve to ensure that the civil restitution lien statute is used for its intended purpose — to compensate the state for the expenses of incarcerating convicted offender — rather than being used to deter prisoners from making claims against DOC. See Dep’t of Corr. v. Goad, 754 So.2d 95, 96 (Fla. 1st DCA 2000), approved, 845 So.2d 880 (Fla.2003); Hager v. Miller, 2000 WL 35526607 (M.D.Fla. Mar. 28, 2000); Green v. State, 998 So.2d 1149, 1150 (Fla. 2d DCA 2008) (Altenbernd, J., concurring); see also Fla. S. Comm. on Crim. Just., Staff Analysis for SB 2298 *, at 8, 10, 20 (Mar. 20, 2009) (on file with comm.) (reporting that DOC uses section 960.297 to seek reimbursement for incarceration costs “to offset claims paid to offenders” and stating that the new statute of limitations has the potential to “deter frivolous filings by inmates” and “result in increased collection of [incarceration] costs”). Although we certainly do not condone frivolous prisoner lawsuits, there are a myriad of other statutes that are more appropriately used to address that problem. See, e.g., §§ 57.085(8), 944.279(1), 944.28(2)(a), Fla. Stat.
In sum, we affirm the trial court’s dismissal of Appellant’s negligence action against DOC, but we reverse the trial court’s denial of Appellant’s motion for summary judgment on the counterclaim and vacate the civil restitution lien entered against Appellant.
AFFIRMED in part; REVERSED in part; lien VACATED.
LEWIS, J., concurs; THOMAS, J., specially concurring in result only.

 The substance of SB 2298 was adopted into SB1722, which became chapter 2009-63, Laws of Florida. Compare Fla. SB 2298, §§ 14-15 (2009) with Fla. S. Jour. 1449 (Reg. Sess. May 8, 2009) (conference committee amendment for SB 1722).