PER CURIAM.
Ricky Harris appeals his convictions for Count 1, use of the internet to lure a parent of a child; Count 2, use of the internet to lure a child;- Count 3, traveling *346 to meet a minor for illegal sexual conduct; and Count 4, attempted lewd or lascivious battery of a child 12 years of age or older but less than 16 years of age. We reverse only that portion of Harris’ probation order imposing the cost of incarceration as a special condition and remand for removal of that condition.[1] We remand also for correction of a scriveneFs error in the judgment. In Count 2 of the information, the State named the offense charged as use of the internet to lure a child and recited the elements for that offense, but cited to section 847.0135(3)(b), Florida Statutes, the statutory provision proscribing use of the internet to lure a parent of a child.[2] The judgment identifies the offense for which Harris was convicted on Count 2 as use of the internet to lure a parent of a child, whereas the order of sex offender probation identifies the offense for which Harris was convicted on Count 2 as use of the internet to lure a child. • The record indicates that, as to Count 2, Harris pled to use of the internet to lure a child, not use of the internet to lure a parent of a child. Accordingly, Harris’ judgment needs to be corrected to reflect a conviction on Count 2 for use of the internet to lure a child, pursuant to section 847.0135(3)(a), Florida Statutes. In all other respects, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
PALMER, LAWSON and BERGER, JJ., concur.

. On remand, the trial court has the authority to enter a civil restitution lien order with respect to the cost of incarceration. See Smith v. Fla. Dep't of Corrections, 27 So.3d 124, 126 (Fla. 1st DCA 2010); § 960.29(l)(a), Fla. Stat.; 960.292(2), Fla. Stat.

. We have previously held that an erroneous reference to a statute in an information is not fatal to a conviction as long as the information properly pleads the necessary elements of the offense. See Foss v. State, 834 So.2d 404,405 (Fla. 5th DCA 2003).