DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICKY D. DIXON,**
**SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS,**
Appellant,

v.

**ANGEL LUIS MONTERO,**
Appellee.

No. 4D2024-1318

[December 11, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Jr., Judge; L.T. Case No. 17012278CF10A.

Kelly R. Forren, Assistant General Counsel, Department of Corrections, Tallahassee, for appellant.

No appearance for appellee.

KLINGENSMITH, C.J.

The Florida Department of Corrections ("DOC") appeals the trial court's order denying its motion for imposition of a civil restitution lien judgment against Defendant Angel Luis Montero. We reverse and remand for the trial court to grant DOC's motion and impose the civil restitution lien judgment.

Defendant was charged with burglary of a dwelling with battery pursuant to sections 810.02(1) and 810.02(2)(a), Florida Statutes (2017), and entered a no contest plea. Defendant was adjudicated guilty and sentenced to eight years in prison as a habitual offender. At sentencing, the trial court entered an order which, among other things, required Defendant to pay restitution to the victim. The order further provided "[t]he [c]ourt retains jurisdiction to modify restitution in this case." The trial court did not enter an order specifically addressing restitution for costs of incarceration.

Over six and a half years later, DOC moved for imposition of a civil restitution lien judgment pursuant to sections 960.291(5)(b)(1), 960.292, 960.293(2)(b), 960.297(1), and 960.297(3), Florida Statutes (2024), which are part of the Civil Restitution Lien and Crime Victims' Remedy Act. DOC sought liquidated damages of $50 per day for Defendant's incarceration costs for his eight-year sentence (2,922 days), for a total amount of $146,100.00. After a hearing, the trial court entered an order denying DOC's motion.

On appeal, DOC argues that the trial court erred in denying its civil restitution lien judgment. Where a trial court's decision is purely one of law, appellate courts review the decision de novo. *Eagle FL VI SPE, LLC v. T & A Family P'ship, Ltd.*, 177 So. 3d 1277, 1279 (Fla. 2d DCA 2015). While the record is silent on the trial court's reasoning for denying DOC's motion, we agree that the trial court erred as a matter of law.

In response to "increasing financial burdens on the state . . . caused by the expenses of incarcerating convicted offenders," the legislature imposed "a long-term civil liability for the costs of incarceration, by means of the civil restitution lien, against a convicted offender." § 960.29(1)(d), Fla. Stat. (2024). Section 960.292(1), Florida Statutes (2024), provides that "[u]pon conviction, the convicted offender *shall incur* civil liability for damages and losses to crime victims, the state, its local subdivisions, and aggrieved parties . . . ." (emphasis added). The convicted offender is liable for damages and losses for incarceration and other correctional costs. *See* § 960.293(2), Fla. Stat. (2024). Accordingly, "[a]n offender's liability for the costs of incarceration exists as a matter of law upon the offender's conviction." *Smith v. Fla. Dep't of Corr.*, 27 So. 3d 124, 126 (Fla. 1st DCA 2010) (citing §§ 960.292(1), 960.293(2), Fla. Stat.)

Section 960.292(2), Florida Statutes (2024), states:

> *Upon motion by the state*, . . . the court in which the convicted offender is convicted *shall enter civil restitution lien orders* in favor of crime victims, the state, its local subdivisions, and other aggrieved parties. The court *shall retain continuing jurisdiction* over the convicted offender for the sole purpose of entering civil restitution lien orders for the duration of the sentence and up to 5 years from release from incarceration or supervision, whichever occurs later.

(emphasis added). Our Supreme Court has expressly found a trial court's continuing jurisdiction constitutional. *See Ilkanic v. City of Fort Lauderdale*, 705 So. 2d 1371, 1372-73 (Fla. 1988) (holding a civil

2

restitution judgment imposed after sentencing does not violate equal protection or substantive due process rights); *Goad v. Fla. Dep't of Corr.*, 845 So. 2d 880, 884-85 (Fla. 2003) (holding that imposing a civil restitution judgment under section 960.293 and 960.297 is a civil remedy that does not constitute criminal punishment). For convictions for an offense other than a capital or life felony, "a liquidated damage amount of $50 per day of the convicted offender's sentence *shall be assessed* against the convicted offender and in favor of the state or its local subdivisions." § 960.293(2)(b), Fla. Stat. (2024) (emphasis added). Damages are based on "the length of the sentence imposed by the court at the time of sentencing." *Id.*

Here, Defendant became liable for the costs of his incarceration at the time of his conviction. *See* § 960.292(1), Fla. Stat.; *Smith*, 27 So. 3d at 126. DOC—as an agent of the State—timely moved for liquidated damages in the trial court in which Defendant was convicted. *See* § 960.292(2), Fla. Stat. The trial court had jurisdiction to enter the civil restitution lien order because DOC filed its motion just over six and a half years into Defendant's eight-year sentence, which is within the prescribed time set forth in the statute. *Id.* Because Defendant incurred liability at the time of his conviction and DOC satisfied section 960.292(2)'s requirements, we find the trial court erred in denying DOC's motion.

We reverse the trial court's order and remand with directions to grant DOC's motion and impose a civil restitution lien order based on the length of Defendant's sentence in accordance with section 960.293(2)(b). Proceedings to impose civil restitution liens pursuant to section 960.293 are civil in nature and do not implicate liberty interests, even when rendered in the criminal court. *See Fla. Dep't of Corr. v. Holt*, 373 So. 3d 969, 971 (Fla. 2d DCA 2023). On remand, Defendant need not be present for imposition of the civil restitution lien judgment because liability was incurred upon conviction and liquidated damages are to be assessed pursuant to section 960.293(2)(b).

*Reversed and remanded.*

CONNER and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3