DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

JASON BAEZ,

Appellant,

v.

DEPARTMENT OF CORRECTIONS,

Appellee.

No. 2D2025-0423

———————————————

June 5, 2026

Appeal from the Circuit Court for Pasco County; Mary M. Handsel, Judge.

Kelly Knapp of Southern Poverty Law Center, Miami; Dante Trevisani of Florida Justice Institute, Inc., Miami; and Krista Dolan of Southern Poverty Law Center, Tallahassee, for Appellant.

Charles T. Martin, Jr., Assistant General Counsel, Florida Department of Corrections, Tallahassee (withdrew after briefing); Kelly R. Forren, Assistant General Counsel, Tallahassee (substituted as counsel of record), for Appellee.

SMITH, Judge.

Jason Baez appeals the trial court's Order Granting Civil Restitution Lien entered pursuant to section 960.292, Florida Statutes (2006), in favor of the Florida Department of Corrections (FDOC) arguing

that the four-year statute of limitations barred the imposition of the lien. Because the trial court retained continuing jurisdiction to enter the civil restitution lien during the term of Mr. Baez's sentence, we affirm.

The relevant facts are brief. In 2006 Mr. Baez was convicted of a noncapital, nonlife felony offense and sentenced to thirty years' prison. In 2022 a settlement was entered in a civil rights lawsuit brought by Mr. Baez against the Florida Division of Risk Management for injuries Mr. Baez sustained at the hands of FDOC employees. The $60,000 in settlement funds were deposited into Mr. Baez's inmate trust account, which is maintained by FDOC. In 2024 FDOC filed a motion in the sentencing court to impose a civil restitution lien in the amount of $547,850,[1] plus interest against Mr. Baez. The sentencing court imposed the lien, plus statutory interest, on the same day FDOC filed its motion. Mr. Baez did not receive notice of the motion until he received a copy of the order several days after it was rendered. Mr. Baez initially filed a pro se objection to the order; he thereafter retained counsel who filed a motion for rehearing. In the motion for rehearing, Mr. Baez argued the trial court's "continuing jurisdiction" to impose liens under the operative version of section 960.292(2) must be subject to a time limit—and that time limit should mirror the four-year statute of limitations that applies to civil restitution liens filed under section 960.297. *See Smith v. Fla. Dep't of Corr.*, 27 So. 3d 124, 127 (Fla. 1st

---

[1] The $547,850 figure represents $50 per day for each day of Mr. Baez's thirty-year sentence. *See* § 960.293(2)(b) ("If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender's sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions. Damages shall be based upon the length of the sentence imposed by the court at the time of sentencing.").

DCA 2010).  Mr. Baez argued that because he was sentenced in 2006, the four-year statute of limitations expired in 2010.[2]  After a hearing, the sentencing court denied Mr. Baez's motion for rehearing, finding that the sentencing court had "continuing jurisdiction" under section 960.292(2) and that, therefore, the sentencing court had jurisdiction to enter the civil restitution lien.

We address whether the trial court erred by not applying the four-year statute of limitations under section 95.11(3)(f), Florida Statutes (2006), which governs actions founded on a statutory liability, to bar the imposition of the lien.

At the time of Mr. Baez's conviction, section 960.292, Florida Statutes (2006), provided:

> The civil restitution lien shall be made enforceable by means of a civil restitution lien order.
>
> (1) Upon conviction, the convicted offender shall incur civil liability for damages and losses to crime victims, the state, its local subdivisions, and aggrieved parties as set forth in s. 960.293.  The conviction shall estop the convicted offender from denying the essential allegations of that offense in any subsequent proceedings.
>
> (2) Upon motion by the state, upon petition of the local subdivision, crime victim, or aggrieved party, or on its own motion, the court in which the convicted offender is convicted

---

[2] Mr. Baez also complains that the trial court erred by refusing to consider his constitutional claims.  The trial court relied upon *Florida Department of Corrections v. O'Neal*, 398 So. 3d 1100, 1103 (Fla. 2d DCA 2024) ("[O]ur reading of the text leads us to the conclusion that the entry of the lien order is a ministerial duty.  Therefore, it is not necessary here for this issue to be developed further as we conclude that a Fourteenth Amendment challenge is beyond the jurisdiction conferred upon the trial court at this point in the procedural posture."), in ruling that "[c]onsideration of [Mr. Baez's] constitutional claims are outside the narrow jurisdiction of the [c]ourt in this proceeding."  We agree and see no reason to further elaborate.

3

shall enter civil restitution lien orders in favor of crime victims, the state, its local subdivisions, and other aggrieved parties. <u>The court shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders</u>.

(Emphases added.)[3]  The plain language of the statute mandates that civil liability for damages and losses occurs "[u]pon conviction." *Id.*  A <u>motion</u>, not a pleading, is the mechanism the State must use to obtain the lien.  *See Fla. Dep't of Corr. v. O'Neal*, 398 So. 3d 1100, 1103 (Fla. 2d DCA 2024) ("[T]he entry of the lien order [under section 960.292(2)] is a ministerial duty.").  To be sure, subsection (1) of the statute bars an offender from denying the allegations of the offense in any subsequent proceeding.  *See* § 960.292(1).  Damages under section 960.292(1) are calculated at "a liquidated damage amount of $50 per day of the convicted offender's sentence" where the conviction is for an offense other than a capital or life felony—as is the case here.  *See* § 960.293(2)(b).  Section 960.292 was enacted because "[t]he Legislature [found] that there is an urgent need to alleviate the increasing financial burden on the state and its local subdivisions caused by the expenses of

---

[3] The parties stipulated below that the 2006 statute was the operative statute.  While the 2006 statute was silent as to a time period, section 960.292(2) was later amended in 2009 and currently provides:
> (2) Upon motion by the state, upon petition of the local subdivision, crime victim, or aggrieved party, or on its own motion, the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of crime victims, the state, its local subdivisions, and other aggrieved parties.  The court shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders <u>for the duration of the sentence and up to 5 years from release from incarceration or supervision, whichever occurs later.</u>

(Emphasis added.)

incarcerating convicted offenders." *Ilkanic v. City of Fort Lauderdale*, 705 So. 2d 1371, 1372 (Fla. 1998) (quoting § 960.29, Fla. Stat. (1994)).

Mr. Baez argues that the statute is silent as to any time limit for entering the civil restitution lien and that as such, because the lien is civil in nature it should be subject to the four-year statute of limitations provided for civil actions founded on a statutory liability and that the time begins to run on the date of conviction. Mr. Baez argues that in this case the State was required to file its motion no later than 2010, four years after his 2006 conviction. *See Smith*, 27 So. 3d at 127. He argues that to interpret the statute as allowing for continuing jurisdiction decades after one's conviction is absurd.

Mr. Baez's reliance on *Smith* is misplaced and only highlights the significant difference between the cases—no cause of action or complaint or pleading was brought by the FDOC in this case. In *Smith*, Mr. Smith brought a negligence action against the State on January 18, 2005. *Id.* at 125. In responding to the complaint, the State filed its answer and a counterclaim seeking damages under section 960.297(1), Florida Statutes (2005),[4] for the costs of Mr. Smith's incarceration. *Id.* at 125-26. That statute, similar to section 960.292, did not specify a time limitation. *See id.* The trial court denied Mr. Smith's motion for partial summary judgment, which argued that the four-year statute of limitations for an action founded on a statutory liability barred the State's counterclaim because his life sentence began on March 31, 1998. *Id.* at 126. The First District in *Smith*, however, disagreed with the trial

---

[4] Section 960.297(3) was also amended in 2009 to provide that actions brought under the statute "may be commenced at any time during the offender's incarceration and up to 5 years after the date of the offender's release from incarceration or supervision, whichever occurs later."

5

court and reversed. *Id.* at 127-28. The *Smith* court held that because the State's action was brought "as a civil action, the counterclaim is subject to the provisions of chapter 95 and the rules of civil procedure." *Id.* at 127; *see also Joshua v. City of Gainesville*, 768 So. 2d 432, 437-38 (Fla. 2000) (holding that where a statute does not prescribe a limitations period the general statute of limitations applies to that claim). In so holding, the *Smith* court explained that there is a "significant" distinction between section 960.297(1), involving a civil restitution order brought as a counterclaim in a civil action, and a civil restitution lien order under section 960.292(2), entered by the sentencing court pursuant to a motion filed by the State. *Smith*, 27 So. 3d at 127-28 (recognizing that while the holding limits the State's ability to recover incarceration costs under section 960.297, it does not preclude the State from pursuing a restitution lien through the sentencing court under section 960.292).

In this case, no separate action was necessary to obtain the civil restitution lien. Here, FDOC filed its motion pursuant to section 960.292 in the sentencing court, as opposed to bringing a separate civil action under section 960.297. Therefore, the general four-year statute of limitations period for civil actions under section 95.11(3)(f) has no place in this proceeding.

Further, there is nothing absurd about a criminal court's "continuing jurisdiction" postsentencing. Mr. Baez fails to acknowledge that courts have addressed the "continuing jurisdiction" of criminal courts, recognizing that a criminal court has jurisdiction postsentencing to impose the civil restitution lien during the entire term of the defendant's sentence. *See Acosta v. Dep't of Corr.*, 377 So. 3d 1230, 1231 (Fla. 2d DCA 2024) (acknowledging that because the defendant was still serving his sentence of incarceration, the court had "continuing

jurisdiction under section 960.292(2)"); *Dixon v. Montero*, 398 So. 3d 448, 450 (Fla. 4th DCA 2024) (holding the trial court had jurisdiction to enter the civil restitution lien order because FDOC filed its motion just over six and a half years into the defendant's eight-year sentence); *Rodriguez v. State*, 899 So. 2d 471, 472 (Fla. 3d DCA 2005) (acknowledging that the trial court retains jurisdiction over the defendant postsentencing but that its jurisdiction is limited to specific circumstances, including under section 960.292(2), Florida Statutes (2004), which states that the court "shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders"); *cf. Alberts v. State*, 711 So. 2d 635, 635 (Fla. 2d DCA 1998) (holding the court's continuing jurisdiction had expired when the defendant's probationary period was over). Mr. Baez's absurdity argument has no merit.

Accordingly, based upon the plain language of the statute and the governing case law, the trial court retained continuing jurisdiction to impose the civil restitution lien under section 960.292 at any time during the term of Mr. Baez's sentence.

Affirmed.

KHOUZAM and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.