361 So.2d 810 (1978)
John Michael BUNTING, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2326.
District Court of Appeal of Florida, Fourth District.
August 9, 1978.
Joseph Jordan, of Bailey & Jordan, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
This is an appeal from a judgment of conviction and sentence for the crime of aggravated battery. In his sentence the trial court indicated the appellant had pled guilty to the crime of aggravated battery when, in fact, he had been found guilty by a jury and in addition to a period of incarceration and fine the court required the appellant to make restitution to the victim for the victim's medical expenses. The trial court also failed to cause appellant's fingerprints to be affixed to the written judgment of guilt as required by Section 921.241(1), Florida Statutes (1977). We agree with appellant's contentions that the trial court erred in sentencing appellant and reverse.
The written judgment of guilt and sentence should reflect the true facts of the case. In this instance, the written sentence *811 should be corrected to reflect a finding of guilt by a jury as opposed to appellant's having pled guilty.
Courts have no authority to exceed the punishment for criminal conduct as provided by the Legislature. With the exception of those matters which are within the inherent jurisdiction of the judiciary the determination of that conduct which shall constitute criminal conduct, and the punishment therefore, is the sole prerogative of the Legislative function of government and the judiciary, in sentencing an individual, must remain within the parameters established by the Legislature. While the trial courts enlightenment in this cause is noteworthy in view of recent legislation providing for the requirement of restitution in certain cases, such a requirement was not a prescribed means of punishment at the time of the commission of the crime in this case. It was therefore error to impose such a condition upon the appellant. See Holmes v. State, 342 So.2d 134 (Fla. 1st DCA 1977).
Accordingly, the judgment of guilt and sentence is reversed and this cause is remanded to the trial court with instructions to readjudicate the defendant indicating a finding of guilt by the jury, eliminating the requirement of restitution, and obtaining the fingerprints of appellant on the written judgment of guilt as prescribed by Section 921.241(1), Florida Statutes (1977).
REVERSED and REMANDED.
CROSS and LETTS, JJ., concur.