PER CURIAM.
Appellant raises as error the imposition of restitution herein on the ground that the restitution statute, section 775.089, Florida Statutes (1985), was enacted in 1977, which was two years after the offense was committed. Under these circumstances, it was error to impose restitution. See Bunting v. State, 361 So.2d 810 (Fla. 4th DCA 1978).
Appellee argues that section 948.03(1)(g), Florida Statutes (1985), which provides for restitution as a condition of probation, was in effect at the time of the crime herein. However, appellant was not granted probation in this case, and we fail to see how the possibility of probation here would make restitution authorized when a sentence for a term of years was imposed.
Appellant did indicate consent to the restitution herein but, no matter how commendable we deem such restitution to be, as stated in Bunting “courts have no authority to exceed the punishment for criminal conduct as provided by the Legislature.”
Therefore, the portion of the sentence providing for restitution is reversed. Otherwise, the judgment and sentence are affirmed.
SCHEB, A.C.J., HALL, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.