669 So.2d 1087 (1996)
Jerry GARY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2184.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions and sentence except for the trial court's order which imposed a civil restitution lien pursuant to the Florida Civil Restitution Lien and Crime Victims' Remedy Act of 1994 (§§ 960.29-960.297, Fla.Stat. (Supp.1994)) in the amount of $15,000.
Appellant committed his crimes on August 29, 1992. The effective date of the subject Act was July 1, 1994. Ch. 94-342, § 24, Laws of Fla. Because the restitution of the type imposed by the trial court was not a prescribed means of punishment at the time appellant committed his crimes in this case, it was error to impose such upon appellant. Bunting v. State, 361 So.2d 810 (Fla. 4th DCA 1978). Accordingly, we reverse and remand with direction to strike the order imposing restitution pursuant to the Florida Civil Restitution Lien and Crime Victims' Remedy Act of 1994.
Appellant's failure to object to the above order at sentencing is irrelevant as the order constituted an illegal sentence.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.