705 So.2d 1371 (1998)
Eric ILKANIC, Petitioner,
v.
CITY OF FORT LAUDERDALE, Respondent.
No. 89792.
Supreme Court of Florida.
January 15, 1998.
*1372 Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Seventeenth Judicial Circuit, Fort Lauderdale, for Petitioner.
Robert A. Butterworth, Attorney General, and David M. Schultz, Assistant Attorney General, West Palm Beach, for Respondent.
GRIMES, Senior Justice.
We have for review a decision of the district court that expressly declares a state statute valid. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Ilkanic was convicted of trespass after warning, a misdemeanor, and was sentenced to forty-five days in jail. The City of Fort Lauderdale moved to impose a lien on Ilkanic for $50 per day for each day of his incarceration, pursuant to section 960.293(2)(b), Florida Statutes (Supp.1994), which is part of the Civil Restitution Lien and Crime Victims' Remedy Act ("the Act"). The county court found the Act unconstitutional in its entirety, stating that it violates the equal protection and due process provisions of the United States and Florida constitutions, that it is unconstitutionally vague, and that it is unconstitutional because it imposes excessive fines. The Fourth District Court of Appeal reversed the lower court and found the Act constitutional. Although the trial court declared the Act unconstitutional in its entirety, we address only those portions of the Act at issue in Ilkanic's case.[1] We agree that the statute is constitutional insofar as it relates to (1) the imposition of per diem charges against convicted prisoners as reimbursement for the costs of incarceration and (2) the lien created as a result of the order imposing such charges.
The statute primarily at issue in this case reads as follows:
(2) Upon conviction, a convicted offender shall be liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs.
....
(b) If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender's sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions.
§ 960.293(2)(b), Fla. Stat. (Supp.1994).
Ilkanic contends that the flat per diem charge violates convicted prisoners' substantive due process rights. The test for determining whether a statute such as this violates substantive due process is whether it bears a reasonable relationship to a permissive legislative objective and is not discriminatory, arbitrary, or oppressive. Lite v. State, 617 So.2d 1058 (Fla.1993). The legislative intent for this statute is expressly set forth in the Act itself in the following statement: "The Legislature also finds that there is an urgent need to alleviate the increasing financial burden on the state and its local subdivisions caused by the expenses of incarcerating convicted offenders." § 960.29, Fla. Stat. (Supp.1994). We conclude that imposing a per diem charge on convicted offenders clearly relates to a permissive legislative objective *1373 of reimbursing public bodies for the costs expended in incarcerating these persons. Furthermore, we believe that the flat charge of $50 per day is reasonably related to the costs of incarceration.[2]See Bill Heard Leasing, Inc. v. Rocco Enterprises, Inc., 334 So.2d 296 (Fla. 2d DCA 1976) (provision for liquidated damages will be upheld if reasonable under the circumstances and the damages are not otherwise readily ascertainable).
We also reject Ilkanic's assertion that the statute violates his constitutional right of equal protection under the law. The class of convicted prisoners is a legitimate classification upon which to impose the per diem charge in view of the fact that it is this class that causes public bodies to incur the additional financial burden. See United States v. Doyan, 909 F.2d 412 (10th Cir.1990) (upholding federal statute mandating reimbursement from convicted felon for costs of incarceration against equal protection arguments).
Ilkanic further argues that the statute violates procedural due process because the Act imposes a lien on the real or personal property of the convicted offender for payment of the incarceration charges. §§ 960.292, 960.294, Fla. Stat. (Supp.1994). Ilkanic acknowledges that statutorily mandated costs may be imposed on an indigent defendant without a determination of the defendant's ability to pay. State v. Vamper, 579 So.2d 730 (Fla.1991). However, he contends that there must be a determination of a prisoner's ability to pay before a lien can be imposed. We believe Ilkanic misreads the statute. There is no provision for holding the prisoner in contempt upon the failure to pay. Section 960.294(2) provides that the order imposing the incarceration charges shall be enforced in the same manner as a judgment in a civil action. Thus, the lien created upon the imposition of the per diem charge has the same effect as the lien created by the entry of a civil judgment. Unlike the Kansas statute which was struck down in James v. Strange, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972), the act does not place convicted prisoners in a category different from any civil judgment debtor. Should the city seek to impose the lien against Ilkanic's property, he retains the same protections afforded to any civil judgment debtor.
The foregoing rationale also disposes of Ilkanic's contention that the imposition of the lien contravenes the protection of the homestead provided by article X, section 4 of the Florida Constitution. The legal effect of a statutory lien on homestead property was analyzed in Demura v. County of Volusia, 618 So.2d 754 (Fla. 5th DCA 1993). In that case, landowners sued to quiet title to a homestead against a lien which had been imposed by the county for noncompliance with an order of the code enforcement board. The county argued that the constitution only prohibits the forced sale of homestead property and does not prohibit the imposition of a lien. The court properly held that "[a]lthough the statute merely provides that any lien created pursuant to an administrative fine may not be foreclosed on real property which is homestead, the Constitution itself goes much farther: No such lien exists as to such homestead property." Demura, 618 So.2d at 756. In like manner, the civil restitution lien cannot be a cloud on homestead property.
We approve the decision of the court below.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We note that the legislature substantially amended other portions of the Act in 1995.
[2] The record reflects that the Florida Department of Corrections 1993-94 Annual Report states that the average daily cost per inmate during the 1993-94 fiscal year was $43.23.