FRANK, Acting Chief Judge.
On July 30, 1987, the State charged Tina Alberts with embezzling $67,000 from her employer, Cigna Corporation in Case No. 87-09025. Ultimately, she pleaded guilty. The trial court withheld adjudication, placed her on probation and ordered her to pay $100 per month in restitution for ten years. In 1989, she was charged with violating probation because she had committed other offenses. Those offenses were charged separately in Case No. 89-02482. Alberts pleaded guilty to the violation in Case No. 87-09025 and was adjudicated. Her probation was revoked. She was placed on a two-year term of community control to be followed by five years of probation and was ordered to pay restitution in the same amount of $100 per month. In 1996, an affidavit of violation of probation was filed in Case No. 89-02482. The affidavit supporting the most recent violation of probation failed to include a reference to Case No. 87-09025 in which Alberts had been ordered to pay restitution. The trial court entered an order in Case No. 87-09025 noting the expiration of the original probationary period in that case and discharged Alberts, but it nonetheless imposed a judgment hen in the amount of $60,310.92. At this juncture, the central question is did the trial court lack jurisdiction to pursue the hen stemming from Case No. 87-09025 upon the expiration of Alberts’ probationary period in that case on April 4, 1996. We conclude that the trial court was without jurisdiction to impose the Hen and we reverse.
The trial court erred in continuing the vitality of the hen for restitution which originated in Case No. 87-09025; Alberts’ probationary period in that case had expired in 1996 when the trial court entered the hen order. See State v. Hall, 641 So.2d 403 (Fla.1994). Although an affidavit of probation violation had been filed in Case No. 89-02482, there was no reference to Case No. 87-09025 in that affidavit. Thus, the hen question was excluded from the revocation proceeding initiated by the affidavit in Case No. 89-02482.
Further, section 960.292(2), Florida Statutes (1995), upon which the State rehes for its contention that the trial court had continuing jurisdiction to enter a restitution hen order, cannot be apphed retroactively to Al-berts because her offense in Case No. 87-09025 was committed prior to the effective date of that statute. See Gary v. State, 669 So.2d 1087 (Fla. 4th DCA 1996).
Reversed and remanded.
THREADGILL and CASANUEVA, JJ., concur.