754 So.2d 95 (2000)
STATE of Florida, DEPARTMENT OF CORRECTIONS, Appellant,
v.
Ollie James GOAD, Appellee.
No. 1D99-0836.
District Court of Appeal of Florida, First District.
March 13, 2000.
Rehearing Denied April 12, 2000.
*96 Robert A. Butterworth, Attorney General and Charlie McCoy, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellant.
Appellee, pro se.
PADOVANO, J.
Section 960.297, Florida Statutes authorizes the state to initiate a civil action against a prison inmate to recover the costs of the inmate's incarceration. The issue in the present case is whether this statute can be applied retroactively. Because the statute affords a civil remedy for the recovery of subsistence costs incurred after its enactment and does not increase the penalty for the inmate's crime, we conclude that it can be applied retroactively without violating the constitutional prohibition against ex post facto laws.
Ollie James Goad has been an inmate in the custody of the Department of Corrections since February 1991. Mr. Goad initiated a civil action against the Department in 1995, for injuries he sustained when he was attacked by another inmate. In response to this claim, the Department filed a motion for a summary judgment and a counterclaim under sections 960.293 and 960.297, Florida Statutes (Supp.1994) to recover the costs of Mr. Goad's incarceration. Section 960.293 provides that a defendant who is incarcerated for an offense that is neither a capital offense nor a life felony offense is liable to the state in the amount of $50 per day for the costs of incarceration. By the terms of section *97 960.297, the state may recover these costs for the portion of the offender's remaining sentence after July 1, 1994, the effective date of the law.
The trial court granted the Department's motion for summary judgment on the cause of action asserted in the complaint, and Mr. Goad then filed a motion for judgment on the pleadings as to the counterclaim. He argued that the application of section 960.297 would violate the ex post facto clauses of the state and federal constitutions, because the statute was not in effect at the time he committed the criminal offenses resulting in his incarceration. The trial court agreed and held that section 960.297 could not be applied retroactively. Following the rendition of a final judgment, the Department appealed to this court to challenge the trial court's disposition of the counterclaim.
Sections 960.293 and 960.297 are part of the Civil Restitution Lien and Crime Victims' Remedy Act. See §§ 960.29-297, Fla. Stat. (Supp.1994). The Florida Supreme Court has determined that the relevant provisions of this Act do not violate an inmate's right to due process of law or equal protection of the law. See Ilkanic v. City of Fort Lauderdale, 705 So.2d 1371 (Fla.1998). These issues are no longer open for consideration in the lower courts, but the appeal in this case presents a constitutional issue not decided in the Ilkanic case. Here we must decide whether the Act is invalid as an ex post facto law.[1]
Both the state and federal constitutions prohibit the enactment of ex post facto laws. See U.S. Const. Art 1, § 9; Art. I, § 10, Fla. Const. Section 960.297 applies retroactively to the existing population of prison inmates, but that alone does not make it an ex post facto law. The critical inquiry is whether the statute imposes an increased penalty for a crime already committed. As the United States Supreme Court said in Kansas v. Hendricks, 521 U.S. 346, 370, 117 S.Ct. 2072, 2086, 138 L.Ed.2d 501 (1997), the constitutional prohibition against ex post facto laws "pertain[s] exclusively to penal statutes." See also Seaboard Sys. R.R., Inc. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985).
A more precise standard for determining whether a statute violates the ex post facto clause is set out in Gwong v. Singletary, 683 So.2d 109 (Fla.1996). There, the court explained that, "[i]n evaluating whether a law violates the ex post facto clause, a two-prong test must be applied: (1) whether the law is retrospective in its effect; and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Id. at 112; see also State v. A.C., 714 So.2d 617, 619 (Fla. 4th DCA 1998) (holding that "[a] law violates the ex post facto clause of the constitution only if it punishes as a crime an act which was not a crime when committed, makes the punishment for a crime more onerous than it was at commission, or deprives one charged with a crime of a defense available when the crime was committed"). The United States Supreme Court has expressed the applicable standard in similar terms. For example, in Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997), the Court wrote that an ex post facto law is one that disadvantages the offender by "altering the definition of criminal conduct or increasing the punishment for the crime."
It follows then that the prohibition against ex post facto legislation cannot be applied to a civil statute that is entirely *98 remedial. Moreover, a law is not punitive merely because it can be applied in the context of a criminal case. For example, in Kansas v. Hendricks, the Court held that a statute authorizing the involuntary commitment of a sexually violent predator does not violate the ex post facto law clause of the United States Constitution. The Court reasoned that involuntary commitment statutes are not punitive and that they afford only a civil remedy. See also Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997)(holding that the Florida Sexual Predator Act is regulatory and does not "constitute punishment subject to constitutional ex post facto challenges"); State v. Greenberg, 564 So.2d 1176 (Fla. 3d DCA 1990)(finding that the expungement statute was not an ex post facto law because it was remedial and not punitive).
Whether a law is punitive or remedial is an issue that cannot be resolved solely by discerning legislative intent. If the legislature has expressly stated its intent in the text of the statute, however, the court must give that expression great weight in determining whether the law is civil or criminal. See Hudson v. United States, 522 U.S. 93, 118 S.Ct. 488, 493, 139 L.Ed.2d 450 (1997) (noting that "only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty"); see also United States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980). When the Legislature enacted the statute at issue here, it clearly expressed its intent to afford only civil remedies.
Section 960.29, Florida Statutes contains a finding that "there is an urgent need to alleviate the increasing financial burden on the state and its local subdivisions caused by the expenses of incarcerating convicted offenders." Subsection (1)(a) then explains that the main purpose of the Civil Restitution Lien and Crime Victims' Remedy Act is to provide a legal mechanism "that will enable crime victims, the state, and other aggrieved parties to recover damages and losses arising out of criminal acts." It is clear from these declarations that the Legislature intended to provide a purely civil remedy. This point is underscored by the Legislature's statement in section 960.29(3)(b) that the statute "rests upon the principle of remediation and not punishment."
We recognize that a statute may purport to afford a civil remedy and yet actually impose a remedy that is in the nature of a criminal punishment. Relying on its earlier decision in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-169, 83 S.Ct. 554, 567-568, 9 L.Ed.2d 644 (1963), the Court in Hudson listed seven factors as "guideposts" in determining whether a civil statute imposes punishment for a criminal offense:
(1) whether the sanction involves an affirmative disability or restraint, (2) whether it has historically been regarded as a punishment, (3) whether it comes into play only on a finding of scienter, (4) whether its operation will promote the traditional aims of punishment-retribution and deterrence, (5) whether the behavior to which it applies is already a crime, (6) whether an alternative purpose to which it may rationally be connected is assignable for it, and (7) whether it appears excessive in relation to alternative purpose assigned.
118 S.Ct. at 493 (citations and internal quotation marks omitted). Although the civil statute at issue in Hudson contained a provision for a monetary penalty, the Court concluded that the imposition of the penalty would not bar a future criminal indictment based on the same conduct. As the Court explained, monetary penalties have not been equated with criminal punishment.
The Court was addressing a double jeopardy claim in Hudson, but the factors identified in the opinion are applicable in the same way to the analysis of an ex post facto claim. For example, these factors were used to reject an ex post facto claim *99 in People v. Rivera, 65 Cal.App.4th 705, 76 Cal.Rptr.2d 703 (1998). There, the court held that a statute requiring a criminal defendant to pay a jail booking fee could be applied retroactively without violating the prohibition against ex post facto laws. The court reasoned that the booking fees do not run afoul of the prohibition against ex post facto laws, because they are "not punitive in purpose or effect." Id. at 708, 76 Cal.Rptr.2d 703. As the court explained, the booking fees were "enacted not as a punitive measure, but to help address the state's fiscal crisis by allowing a county to recover costs incurred in booking or otherwise processing an arrested person." Id. at 707, 76 Cal.Rptr.2d 703.
Similarly, in Taylor v. Rhode Island, 101 F.3d 780 (1st Cir.1996), the court rejected an ex post facto challenge to a state statute that imposed a monthly fee on probationers for the costs of supervision. The court determined that the statute was "designed to `reimburse' the Department for costs directly associated with providing goods and services required to supervise probationers and parolees living in the community." Id. at 783. Additionally, the court stated that the fee at issue could not be characterized as a penalty, because it was reasonably related to the cost of supervision. Here again, the court relied on the distinction between civil and criminal laws in the case law pertaining to double jeopardy claims.
Our application of the Hudson factors in the present case leads us to conclude that sections 960.293 and 960.297 contain no provision that could be properly characterized as punishment for a crime. These statutes do not impose an affirmative disability or restraint. Likewise, they do not affect the accrual of gain time or the length of an inmate's sentence. An offender who is unable to satisfy the lien is not held in contempt, jailed, or placed under more strict post-release conditions. Yet another factor that leads us to conclude that these statutes are purely civil is that they come into play regardless of any finding of intent on the part of the inmate. Finally, although the potential imposition of a lien may have some slight deterrent effect, the mere presence of a deterrent purpose does not render the sanction criminal.
Several Florida decisions also provide indirect support for our conclusion that sections 960.293 and 960.297 are not ex post facto laws. We think it is significant, for example, that the supreme court characterized these statutes as civil statutes in Ilkanic when it rejected the due process and equal protection arguments asserted in that case. As the court observed, the "order imposing the incarceration charges [is] enforced in the same manner as a judgment in a civil action" and the "lien created upon the imposition of the per diem charge has the same effect as the lien created by the entry of a civil judgment." Id. at 1373. In the same vein, the Fourth District Court of Appeal characterized these statutes as civil statutes in Rosero v. State, 668 So.2d 1114 (Fla. 4th DCA 1996), when it rejected the double jeopardy argument asserted there. These cases involve different constitutional issues, but the characteristics of the challenged statutes remain the same. If sections 960.293 and 960.297 are civil in nature for due process, equal protection, and double jeopardy purposes, then they are likely civil in nature for ex post facto purposes.
This point is underscored by the fact that our supreme court once rejected an ex post facto challenge to a similar statute on the ground that it afforded only a civil remedy. Section 944.485, Florida Statutes required all prison inmates to disclose their assets and income as a condition of parole eligibility so that the cost of their subsistence could be subsequently assessed. In Ivory v. Wainwright, 393 So.2d 542 (Fla.1980), the court held that the statute did not violate the prohibition against ex post facto laws, because it did not increase punishment for prisoners whose crimes were committed before its effective date. Sections 960.293 and *100 960.297 operate in the same way to expose previously convicted inmates to future liability for subsistence costs.
Our decision here is supported, as well, by the ex post facto analysis in State v. Yost, 507 So.2d 1099, 1101 (Fla.1987). In that case, the court considered a challenge to a statute that denied the accrual of gain time to prison inmates who did not pay their court costs and fees. Because the failure to pay the fees could result in a longer period of incarceration, the court held that the statute was essentially punitive. The court explained, however, that if it were not for the revocation of gain time, it would have concluded that the statute was purely civil. By implication then, the statutes in the present case do not violate the ex post facto clauses.
For these reasons, we conclude that sections 960.293 and 960.297 Florida Statutes afford civil remedies that are not the equivalent of criminal punishment. Therefore, we reverse the decision of the circuit court and hold that these statutes can be applied retroactively without violating the constitutional prohibition against ex post facto laws.
Reversed.
MINER and WOLF, JJ., CONCUR.
NOTES
[1] Although the issue has not been resolved in the Florida Supreme Court, the Fourth District Court of Appeal has decided that the Florida Civil Restitution Lien and Crime Victims' Remedy Act cannot be applied retroactively. See Gary v. State, 669 So.2d 1087 (Fla. 4th DCA 1996). Although perhaps in dicta, the Second District Court of Appeal has also suggested that the Act cannot be applied retroactively. See Alberts v. State, 711 So.2d 635 (Fla. 2d DCA 1998). For the reasons expressed in this opinion, we certify conflict with these decisions.