834 So.2d 373 (2003)
Shawn Levon JOSEPH, Petitioner,
v.
Cal HENDERSON, as Sheriff of Hillsborough County, Respondent.
No. 2D01-5256.
District Court of Appeal of Florida, Second District.
January 15, 2003.
*374 Shane Levon Joseph, pro se.
A. Michael Perotti, Tampa, for Sheriff of Hillsborough County.
FULMER, Judge.
Shane Levon Joseph petitions this court for a writ of certiorari to review a trial court order denying his challenge to the $20 booking fee imposed by the Hillsborough County Sheriff's Office pursuant to section 951.033, Florida Statutes (2000). We grant the petition because we conclude that the statute as applied violates Joseph's right to equal protection and substantive due process. We reject all other issues raised in the petition.
After this court ordered a new sentencing hearing for him, see Joseph v. State, 752 So.2d 656 (Fla. 2d DCA 2000), Joseph was returned to the Hillsborough County Jail from state prison. Upon admittance, he was charged a $20 booking fee, which he protested through the inmate grievance procedure. The sheriff's response to the grievance stated: "Only inmates returned to our custody from DOC on writs ad testificandum are exempt for the initial per diem fee. You returned on a writ of prosequendum.... The fee charged to your account is appropriate." Joseph filed a petition for writ of mandamus in the circuit court protesting the fee. The petition was denied.
Section 951.033(1) states in part: "The Legislature finds that there is an urgent need to alleviate the increasing financial burdens on local subdivisions of the state caused by the expenses of incarcerating prisoners." In subsection (3), the statute provides that "[t]he chief correctional officer of a local subdivision may direct a prisoner to pay for all or a fair portion of daily subsistence costs."
The sheriff's Standard Operating Procedure (SOP) 917.00(D), which governs assessment of the fee, provides:
All non-federal inmates booked into the Hillsborough County Jail System will be charged an Initial Inmate Per Diem Fee *375 to cover administrative costs, with the following exceptions:
1. Those individuals in an "in-transit" status for another agency or jurisdiction.
2. Department of Corrections inmates brought back to Hillsborough County by the State Attorney or Public Defender's Office on writs of testificandum only. Inmates returning on writs of prosequendum are not exempt.
Joseph argues first that his right to habeas corpus without costs has been violated because he successfully challenged the legality of his sentence and he is being forced to pay for his right to be present at the resentencing hearing. We reject this argument because the statute does not authorize the fee as a punishment, but rather as a consequence of being a county prisoner. See Ilkanic v. City of Fort Lauderdale, 705 So.2d 1371, 1372-73 (Fla. 1998) (upholding $50 per diem charge on convicted prisoners under section 960.293(2)(b), Florida Statutes (Supp.1994), because charge "clearly relates to a permissive legislative objective of reimbursing public bodies for the costs expended in incarcerating these persons"); see also Solomos v. Jenne, 776 So.2d 953 (Fla. 4th DCA 2000) (holding that Broward County Jail's practice of charging a one-time uniform fee of $10 and a daily subsistence fee of $2 was proper under section 951.033 and did not violate an inmate's procedural due process rights), review dismissed, 820 So.2d 941 (Fla.2002).
Joseph next argues that the sheriff's application of the statute to inmates returning to the jail from state prison contravenes the legislative intent. He asserts that no fees should be assessed against state prisoners returning to the jail for any reason. We do not decide the issue of whether the booking fees can be fairly applied to any state inmate returning to the jail. We instead rest our decision on the narrower issue of whether, in applying the statute, the sheriff has drawn an irrational distinction between those prisoners who are brought to the jail on writs of testificandum and those brought on writs of prosequendum. This appears to be an arbitrary distinction which bears no relationship to the object of the statute.
In order to determine whether a statute violates substantive due process, a determination must be made as to whether it bears a reasonable relationship to a legitimate legislative objective and is not discriminatory, arbitrary or oppressive. See Ilkanic, 705 So.2d at 1372. When no fundamental right is at stake, the standard for evaluating a substantive due process challenge is the same as the rational basis test used for evaluating equal protection challenges. United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668, 671 (Fla.1979). It is appropriate to apply a rational basis test in the assessment of an equal protection challenge to an agency's rule or regulation that does not involve a suspect or quasisuspect class. Fla. League of Cities, Inc. v. Dep't of Envtl. Regulation, 603 So.2d 1363, 1369 (Fla. 1st DCA 1992). Regulations will be sustained as long as they are reasonably related to the purposes of the enabling legislation and are not arbitrary or capricious. Id.
We conclude that Joseph's rights were violated with respect to the sheriff's implementation of section 951.033. The sheriff's regulation, SOP 917.00(D), makes a distinction between state inmates who return to the county jail on writs of prosequendum versus inmates who are brought back to the jail by the state attorney or public defender's office on writs of testificandum. There is nothing in the record to show how the sheriff arrived at the distinction between writs of testificandum and writs of prosequendum. Joseph asserts, and it is not disputed, that either writ could have *376 been used to secure his presence by the trial judge. Because we cannot say that the distinction drawn between the two writs bears a fair and substantial relation to the object of the legislation, we conclude that the sheriff's standard operating procedure violates Joseph's right to due process and equal protection in this instance. See Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966) (holding that statute which required inmate whose appeal was unsuccessful to repay the county for the cost of providing transcript violated equal protection); Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc., 753 So.2d 55, 59 (Fla.2000) (holding that statute violated medical provider's due process rights where prevailing party attorney-fee provision arbitrarily distinguished between medical providers and insureds).
Accordingly, we grant certiorari relief and remand for further proceedings consistent with this opinion.
CASANUEVA and SILBERMAN, JJ., Concur.