892 So.2d 538 (2005)
Kevin J. RIDGEWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3223.
District Court of Appeal of Florida, First District.
January 10, 2005.
*539 Nancy Daniels, Public Defender, P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Robert R. Wheeler, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
HAWKES, J.
Appellant challenges the trial court's retroactive application of the cost provisions of section 939.185, Florida Statutes (2004), arguing it violates federal and State Constitutional prohibitions against ex post facto laws. We affirm.
On July 1, 2004, pursuant to a negotiated plea, Appellant pled nolo contendere to an offense charged and committed in 1997. Coincidentally, on that same date, section 939.185, Florida Statutes (2004), became effective. See 2004 Fla. Laws ch. 265. That statute, entitled "Assessment of additional court costs," in pertinent part provides that, the "board of county commissioners may adopt an additional court cost, not to exceed $65, to be imposed by the court when a person pleads guilty or nolo contendere to, or is found guilty of, any felony, misdemeanor, or criminal traffic offense under the laws of this state." Id. Over Appellant's objection, the trial court construed the statute to be a mandatory, non-punitive civil remedy, and concluded its retroactive application to Appellant's 1997 criminal offense would not violate ex post facto prohibitions. The trial court was correct.
The constitutional prohibition against ex post facto laws applies only to criminal legislation and proceedings. See *540 Goad v. Dept. of Corr., 845 So.2d 880, 882 (Fla.2003). For ex post facto purposes, the categorization of legislation or proceedings as civil or criminal is a question of statutory construction. See id.; see also Dept. of Corr. v. Goad, 754 So.2d 95 (Fla. 1st DCA 2000). Construction of a statute is a question of law, reviewed de novo. See Dixon v. City of Jacksonville, 774 So.2d 763, 765 (Fla. 1st DCA 2000).
"In evaluating whether a law violates the ex post facto clause, a two-prong test must be applied: (1) whether the law is retrospective in its effect; and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Gwong v. Singletary, 683 So.2d 109, 112 (Fla.1996); see also Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); Goad, 845 So.2d at 882 (noting law violates ex post facto clauses of U.S. and Florida Constitutions when it increases punishment for criminal offense after crime has been committed).
A statutory change operates retrospectively when it applies to convicted offenders whose crimes were committed prior to the statute's effective date. See Gwong, 683 So.2d at 112. A civil remedy that does not constitute criminal punishment does not violate ex post facto prohibitions. See Goad, 845 So.2d at 884-885. A statute is not punitive, for purposes of determining whether it violates the ex post facto clause, merely because it can be applied in the context of a criminal case. See Goad, 754 So.2d at 98 (concluding retroactive application to existing inmate population, of statute authorizing inmates' civil liability for costs of incarceration, does not violate ex post facto prohibitions).
Moreover, monetary penalties have not been equated to criminal punishment. See id. Assessment of costs violates ex post facto prohibitions only when the length of an inmate's sentence can be increased by failure to pay the costs. See State v. Yost, 507 So.2d 1099 (Fla.1987) (noting denial of gain-time to prisoners who have not paid fees and court costs and imposing community service on indigents unable to pay the fees and costs disadvantage prisoners whose crimes were committed prior to the effective date of the statute, in violation of ex post facto prohibitions); Johnson v. State, 502 So.2d 1291 (Fla. 1st DCA 1987) (holding imposition of costs of probation, without any increase in jail or prison time, not an impermissible enhancement of punishment); but see Hayden v. State, 753 So.2d 720 (Fla. 2d DCA 2000) (holding cost assessment for juvenile assessment center and teen court program could not be imposed where statutes authorizing imposition of such costs were enacted after date of defendant's offenses).
Applying these principles to section 939.185, Florida Statutes, the statute meets the first prong of the two-part test, because it applies upon sentencing to convicted offenders whose offenses were committed prior to the statute's effective date. However, retroactive application of the statute does not meet the second prong of the test, because it neither alters the definition of the criminal conduct nor increases the length of an offender's sentence. Specifically, the statute does not subject a violator to criminal penalties such as additional prison time or loss of gain-time for failure to pay the cost. Since there is no criminal penalty, the cost does not enhance punishment. Because the statute lacks any punitive penalty, and monetary penalties that do not lengthen an offender's sentence do not constitute criminal punishment, retroactive application of the cost provisions of the statute does not violate ex post facto prohibitions. The trial court is AFFIRMED.
DAVIS, J., CONCURS, ERVIN, J. CONCURS WITH WRITTEN OPINION.
*541 ERVIN, J., concurring.
I concur completely with the analysis of the majority, as to the point raised. Not made an issue is whether the Board of Leon County Commissioners ever adopted the additional court cost not to exceed $65, pursuant to the statute's terms, which, as noted in the majority's opinion, had become effective the same day that appellant entered his negotiated plea. Section 939.185, Florida Statutes (2004), is not self-executing, and it places discretion in county boards to authorize such cost. It is true the lower court considered the imposition of court costs to be mandatory, but no one called to its attention the permissive language of the statute.
Judicial notice of the county's enactment of same  if it had occurred  would have been a relatively simple matter. See § 90.202(10), Florida Statutes. In my judgment, if the county had not adopted the additional court cost, we would not be required to reach the ex post facto issue, thereby facilitating our review of the question.