LaROSE, Judge,
Concurring.
I concur in affirming this Anders[1] appeal because no issues were preserved for our review. However, I write separately to express my increasing concern with the lack of thoroughness reflected in many Anders briefs filed in this court.
Mr. Whitaker pleaded guilty to two counts of lewd battery. He reserved no right to appeal a dispositive issue and preserved no issues for our review regarding his plea and sentence. See Fla. R.App. P. 9.140(b)(2)(A)(i)-(ii). The trial court conducted a thorough plea colloquy. Mr. Whitaker’s sentence of seven and one-half years in prison followed by seven and one-half years of probation was lawful.
In our independent review of the record, we discovered two cost issues that both Mr. Whitaker and the State ignored. More specifically, the trial court imposed costs against Mr. Whitaker under statutes that were not in effect in June 2002, the time of the underlying offenses.[2] Mr. Whitaker lodged no objection to these costs and did not file a motion to correct a sentencing error. See Fla. R.Crim. P. 3.800(b)(2). Costs cannot be assessed where the authorizing statutes were enacted after the date of the offense. Hayden v. State, 753 So.2d 720, 721 (Fla. 2d DCA 2000); Pierce v. State, 779 So.2d 286 (Fla. 2d DCA 1998), quashed on other grounds, 734 So.2d 399 (Fla.1999). Retroactive application of cost statutes does not violate ex post facto prohibitions, however, unless failure to pay those costs can increase the length of an inmate’s sentence. Ridgeway v. State, 892 So.2d 538, 540 (Fla. 1st DCA 2005).
The briefs submitted to us discuss neither this court’s precedents nor Ridgeway. Because these issues were not preserved, our review is limited. Nevertheless, a thorough record review by appellate counsel for both sides would help greatly our ability to address possible trial errors in the Anders context. Recognizing our independent duty under Anders to review the record, I trust that appellate practitioners, who are the front line in advancing their clients’ positions, will not abdicate their role to review the record on appeal thoroughly so as to bring meritorious claims to our attention.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The trial court imposed $151 for the Rape Crisis Program Trust Fund under section 938.085, effective July 1, 2003, and $101 for the Child Advocacy Trust Fund under section 938.10(1), effective July 1, 2004.