934 So.2d 667 (2006)
Michael Kevin CUTWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5384.
District Court of Appeal of Florida, Second District.
August 4, 2006.
*668 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Michael Kevin Cutwright appeals his convictions and the sentences imposed thereon for sexual battery and criminal contempt. We affirm Cutwright's conviction for sexual battery without comment.
Regarding Cutwright's criminal contempt conviction, we find no error in the trial court's determination that Cutwright's conduct constituted direct criminal contempt. However, as Cutwright argued in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b), and as the State concedes, the trial court did not follow the procedural requirements of Florida Rule of Criminal Procedure 3.830, which requires courts to "include [in the written judgment of contempt] a recital of those facts on which the adjudication of guilt is based." Because the written judgment in this case fails to specify the conduct upon which the adjudication was based, we must reverse Cutwright's criminal contempt order and remand with directions that the trial court render a judgment in compliance with rule 3.830. See McGlamory v. State, 723 So.2d 388, 388 (Fla. 2d DCA 1999).
We next address whether the trial court erred by imposing a $151 cost pursuant to section 938.085, Florida Statutes (2004), and a $65 cost pursuant to section 939.185, Florida Statutes (2004). Cutwright committed the sexual battery on June 5, 2003. Section 938.085 did not, however, become effective until July 1, 2003. See Ch. 2003-114, § 3, Laws of Fla. Section 939.185 did not become effective until July 1, 2004. See ch. 2004-265, § 88, Laws of Fla. The State has correctly conceded error on this issue. Costs may not be imposed where the authorizing statutes were enacted after the date of the offense. See Hayden v. State, 753 So.2d 720, 721 (Fla. 2d DCA 2000). We therefore strike the costs imposed pursuant to sections 938.085 and 939.185.
Finally, we address Cutwright's argument that a $2 cost imposed pursuant to section 938.15, Florida Statutes (2003), should be stricken because the trial court failed to cite the county ordinance authorizing the imposition of the cost and because the cost can only be imposed for violation of a county or municipal ordinance and not for violation of a state statute. The cost order cited section 938.15 and referenced "Criminal Justice Education by Municipalities and Counties." In a similar case, this court held that reference to a statute or description of the fund for which the assessment was made was sufficient. See Ayoub v. State, 901 So.2d 311, 314-15 (Fla. 2d DCA 2005). We therefore hold that the statutory reference and description was adequate for purposes of imposing the cost in this case.
This court has also held that the cost can be imposed pursuant to section 938.15 for violations of a state statute as well as for violations of a county or municipal ordinance. See Kimball v. State, 933 So.2d 1285 (Fla. 2d DCA 2006). Consequently, we reject Cutwright's challenge on that basis and affirm the imposition of this cost.
*669 Affirmed in part; reversed in part; remanded with instructions.
FULMER, C.J., and DAVIS, J., Concur.