CASANUEVA, Judge.
William S. Stempler, Jr., appeals the order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
Stempler alleged the trial court’s imposition of the $201 domestic violence surcharge violated the ex post facto provision of the Constitution of the United States because although section 938.08, Florida Statutes, became effective prior to his April 28, 2003, sentencing, it did not become effective until after he committed the offenses. The postconviction court, relying on Ridgeway v. State, 892 So.2d 538, 540 (Fla. 1st DCA 2005), found that section 938.08 did not violate the ex post facto provisions of the United States Constitution.
However, recently this court in Griffin v. State, 946 So.2d 610, 615 (Fla. 2d DCA 2007), certified conflict with Ridgeway, finding the following:
While Ridgeway presents its position well, we are not convinced that we should treat costs contained in statutes that apply only in criminal cases to convicted criminal defendants as “civil.” This is particularly troublesome when the failure to pay those costs can lead to further incarceration, at least in the case of a sentence of probation. We cannot equate these costs with civil filing fees that are assessed against either the losing plaintiff or the losing defendant and that are enforceable only as a judgment lien.
More important, this court in Griffin relied on Cutwright v. State, 934 So.2d 667, 668 (Fla. 2d DCA 2006), finding that because “[cjosts may not be imposed where the authorizing statutes were enacted after the date of the offense,” the costs imposed in Griffin were improper. See also Navicky v. State, 949 So.2d 1047 (Fla. 2d DCA 2006).
The information charged Stempler with committing certain offenses between June 1, 2000, and December 31, 2000. Section 938.08 did not become effective until July 1, 2001. See ch. 2001-50, § 5, Laws of Fla. The trial court sentenced Stempler on April 28, 2003. Therefore, similarly to Griffin, the $201 domestic violence surcharge was retroactively applied at sentencing for crimes committed before the effective date of section 938.08. Accordingly, we reverse the postconviction court’s order with instructions to strike the $201 domestic violence surcharge and amend the judgment accordingly. As we did in Griffin, we certify conflict with the First District’s opinion in Ridgeway.
*656 Reversed and remanded; conflict certified.
STRINGER, and CANADY, JJ., Concur.