975 So.2d 505 (2007)
Zachery Antonio DENEGALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1728.
District Court of Appeal of Florida, Second District.
August 3, 2007.
James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Zachery Antonio Denegall appeals the fifteen-year sentence imposed for the offense of possession of amphetamine with intent to sell or deliver, a third-degree felony.[1] Denegall preserved this error for appellate review by filing a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). On appeal, the State concedes error on this point and admits that the maximum sentence which could have been imposed for the offense was five years' imprisonment.[2] We reverse the fifteen-year sentence.
The rule 3.800(b)(2) motion also claimed that the monetary obligations order included a cost of $370 that was improperly imposed. The form order included a mandatory cost for felony convictions which set out six statutes allegedly authorizing the imposition of the cost in the total amount of $370. This list of statutes included sections 939.185(1)(a) and 775.083(2), Florida Statutes (2004). Denegall argued in his motion that the imposition of the cost based upon these statutes was error. We agree.
With regard to section 939.185(1)(a), this court noted in Griffin v. State, 946 So.2d 610, 614 (Fla. 2d DCA 2007), that this mandatory cost statute became effective on July 1, 2004. Denegall's offenses were committed on January 15, 2004, and this statute was not in effect at that time. The imposition of this mandatory $65 cost was improper. See Griffin, 946 So.2d at 614-15 (certifying conflict with Ridgeway v. State, 892 So.2d 538, 540 (Fla. 1st DCA 2005)). Therefore, we remand for the trial *507 court to strike $65 of the $370 cost imposed pursuant to section 939.185(1)(a).
Denegall's challenge to the $50 portion of the $370 cost, the imposition of which was based on section 775.083(2), also is meritorious. The amendment to this statute, making the $50 cost mandatory, did not become effective until July 1, 2004. The cost statute in effect at the time Denegall committed his offenses was discretionary, and it was error for the trial court to have imposed this cost as a mandatory cost. See Stewart v. State, 916 So.2d 53, 54 (Fla. 2d DCA 2005). Therefore, we remand for the trial court to strike $50 of the $370 cost imposed pursuant to section 775.083(2).
Accordingly, the judgment and consecutive sentence for possession of cocaine is affirmed. The judgment for possession of amphetamine with intent to sell or deliver is affirmed, but the fifteen-year sentence imposed for the offense is reversed. On remand the trial court shall impose a new sentence up to the maximum of five years' imprisonment for possession of amphetamine with intent to sell or deliver. Additionally, we remand for the trial court to strike from the monetary obligation order the imposition of the section 939.185(1)(a) cost of $65 and the section 775.083(2) cost of $50, both of which were included in the $370 felony mandatory cost. As we did in Griffin, we certify conflict with the First District's opinion in Ridgeway, 892 So.2d 538.
Affirmed in part, reversed in part, and remanded for further proceedings.
SILBERMAN and VILLANTI, JJ., Concur.
NOTES
[1] §§ 893.03(2)(c)(2), 893.13(1)(a)(2), Fla. Stat. (2003).
[2] Denegall also was sentenced to five years' imprisonment for possession of cocaine. This sentence was to be served consecutively to the sentence imposed for possession of amphetamine. Denegall does not appeal the judgment or the consecutive five-year sentence for this offense.