SALCINES, Judge.
Christine Irvin appeals her conviction and sentence for first-degree arson. We affirm her conviction and sentence but write to explain why her challenges to the sentence lack merit. We also remand for the trial court to strike a cost imposed in the charges, fees, and costs order.
After being convicted of first-degree arson, Irvin was sentenced to eight years of prison followed by five years of probation. A cost order was rendered at that time. Irvin filed a timely notice of appeal. Irvin thereafter filed a motion to correct sentencing error with the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court did not file an order disposing of the motion within sixty days, thereby constructively denying it. See Fla. R.Crim. P. 3.800(b)(1)(B) (“Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied.”).
In this appeal, Irvin maintains there are three matters raised in her motion that the trial court should have corrected which must be addressed by this court. First, Irvin argues that the title of the “Order of Community Supervision” creates an ambiguity as to whether she is to serve probation or community control upon release from prison. The body of the order recites that Irvin is to be placed on five years probation consecutive to eight years state prison. There is no ambiguity. Furthermore, it is obvious that the “Order of Community Supervision” was designed to be used for any of the five possible types of supervision that are identified in this form order.
Irvin next asserts that the order of community supervision contains a special condition of probation that should be stricken because it was not orally pronounced. The special condition requires Irvin to pay for random substance testing. This issue was recently addressed by this court in Ladson v. State, 955 So.2d 612, 613 (Fla. 2d DCA 2007) (affirming rather than striking unpronounced special condition of probation because defendant failed to raise substantive objection). As in Lad-son, Irvin’s challenge to the imposition of this special condition involved not a substantive claim but instead a procedural objection. Thus, Irvin’s challenge to the condition fails.
Finally, Irvin asserts that an improper cost was included in the cost order. The charges, fees, and costs order imposes a cost of $65 pursuant to section 939.185, Florida Statutes (2004). Irvin correctly argues that the cost called for by this statute cannot be imposed on a defendant who committed the crime prior to the effective date of the statute. See Griffin v. State, 946 So.2d 610, 614-15 (Fla. 2d DCA 2007) (citing Cubwright v. State, 934 So.2d 667, 668 (Fla. 2d DCA 2006), and certifying conflict with Ridgeway v. State, 892 So.2d 538, 540 (Fla. 1st DCA 2005)). As stated *578 in Griffin, section 939.185 was enacted effective July 1, 2004. Griffin, 946 So.2d at 614 (citing ch. 2004-265, §§ 88, 109, Laws of Fla.). Because Irvin committed her offense on May 16, 2003, prior to the effective date of the statute, the trial court lacked authority to impose the $65 cost authorized by section 939.185.
Accordingly, we affirm the judgment and sentence and remand for the trial court to strike the $65 cost assessed in the charges, fees, and costs order. As we did in Griffin, we certify conflict with the First District’s opinion in Ridgeway, 892 So.2d 538.
Affirmed in part, and remanded.
FULMER and WALLACE, JJ., Concur.