EVANDER, J.
Gary Hall appeals from an order summarily denying his Rule 3.800(a)[1] motion to correct illegal sentence. We affirm, in part, and reverse, in part.
In 2004, pursuant to a plea agreement, Hall pled no contest to burglary of a dwelling while armed, two counts of grand theft — statutory property, five counts of grand theft, two counts of burglary of a dwelling/structure/conveyance, and one count of burglary of a dwelling. With regard to sentencing, the trial court’s order reflects:
[Hall] was sentenced to 12 years in the Department of Corrections, 10 years minimum/mandatory on the Burglary of a Dwelling While Armed convictions, with credit for time served, and to 5 years on each of the other convictions, followed by 5 years probation. The sentences were ordered to run concurrently one with the other and with any other sentence [Hall] was serving. He was assessed financial requirements of $1,000.00 fines, $342.85 costs, plus 5% fee, $40.00 Public Defender fee, and $50.00 per day cost of incarceration.
No documents were attached to the trial court’s order.
In his motion, Hall raised two points. First, he alleged that the trial court lacked the authority to impose costs for his incarceration. The trial court properly found this argument to be without merit. See Ilkanic v. City of Fort Lauderdale, 705 So.2d 1371 (Fla.1998) (statute authorizing imposition of $50.00/day charge for costs of incarceration is constitutional).
Second, Hall alleged that the sentence on his second-degree felony convictions exceeded the statutory maximum. While this argument would appear to be without merit, the State concedes that reversal and remand is required because the trial court did not attach any documents to its order. See Friss v. State, 881 So.2d 38 (Fla. 5th DCA 2004) (holding that the trial court has the burden of attaching portions of the record which conclusively refute a Rule 3.800(a) claim). We suggest that upon remand the trial court also review the sentences for the third degree felony convictions to determine if the maximum permitted sentences were exceeded.
AFFIRMED, in part; REVERSED, in part; REMANDED.
MONACO, C.J. and COHEN, J., concur.

. Fla. R.Crim. P. 3.800(a).