890 So.2d 494 (2004)
William John McMURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3830.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
James B. Gibson, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
William John McMurray appeals the trial court's assessment of the cost of his incarceration. He contends that the trial court was without authority to assess such a cost. We disagree and affirm.
Section 960.293(2)(b), Florida Statutes (2003), provides:
(2) Upon conviction, a convicted offender is liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs.
* * *
(b) If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender's sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions.
Our supreme court found this statute to be constitutional in *495 Ilkanic v. City of Fort Lauderdale, 705 So.2d 1371 (Fla.1998). It further observed that the "order imposing the incarceration charges [is] enforced in the same manner as a judgment in a civil action," and, therefore, the "lien created upon the imposition of the per diem charge has the same effect as the lien created by the entry of a civil judgment." Id. at 1373. Accordingly, we affirm the trial court's imposition of this statutorily mandated cost of incarceration.
AFFIRMED.
THOMPSON and PALMER, JJ., concur.