943 So.2d 946 (2006)
Norman MOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3198.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
*947 Robert C. Buschel and Jenessa M. Stearns of Rothstein Rosenfeldt Adler, Fort Lauderdale, for appellant.
No appearance required for appellee.
PER CURIAM.
The appellant, Norman Moss, appeals the summary denial of his rule 3.850 motion for postconviction relief. We affirm, but not for the reasons given by the lower court, and thus write to explain why the motion was legally insufficient to warrant relief.
A jury found Moss guilty of aggravated battery on a pregnant female and the lower court imposed a thirty-year prison term as a habitual offender. The victim in this case was the mother of Moss's child, Rose Wilkins. The conviction and sentence became final on December 28, 2001, when Moss's direct appeal from his conviction and sentence was voluntarily dismissed. Moss filed his first rule 3.850 motion on March 8, 2002, which the lower court denied and this court affirmed. Moss v. State, 838 So.2d 1173 (Fla. 4th DCA 2003).
On April 1, 2006, Moss filed the instant motion for postconviction relief, claiming the victim, Rose Wilkins, sent him a letter on October 21, 2005, recanting her trial testimony concerning the attack. Moss claimed the letter constituted newly discovered evidence and thus his motion was neither successive nor time-barred under rule 3.850. The state responded that the motion was legally insufficient because Wilkins's testimony was consistent at trial *948 and her "reluctance . . . was known at trial, and the alleged new evidence probably would not have produced an acquittal at trial" because of other testimony. The lower court denied relief, without an evidentiary hearing, based exclusively upon the state's reasoning.
As this court has stated in the past,
[r]ecantation by a state witness does not necessarily entitle a defendant to a new trial. Florida law treats recantations with suspicion, and requires a new trial only if the court is satisfied that the recantation is true and that "the witness's testimony will change to such an extent as to render probable a different verdict."
Robinson v. State, 736 So.2d 93, 93 (Fla. 4th DCA 1999) (quoting Armstrong v. State, 642 So.2d 730, 735 (Fla.1994), cert. denied, 514 U.S. 1085, 115 S.Ct. 1799, 131 L.Ed.2d 726 (1995)). While an evidentiary hearing is "usually required to make that determination," summary denial is authorized where "the purported recantation testimony is neither sworn nor particularized." See Robinson, 736 So.2d at 93 (citations omitted); Davidson v. State, 638 So.2d 626 (Fla. 3d DCA 1994) (unsworn recantation).
In the instant case, the victim's letter does not contain any attestation that the recantation is made under oath. The letter does include what appears to be a notary's stamp, but the language contained therein does not show that Wilkins made the allegations under oath or under the penalty of perjury. As such, this letter appears to be legally insufficient to warrant relief for newly discovered evidence. See Davidson, 638 So.2d at 626. Without such an oath, the lower court could not make any determination as to the "truth" of the recantation.
Because the unsworn letter did not constitute "newly discovered" evidence sufficient to allow for postconviction relief, the lower court should have allowed Moss to refile his motion with a sworn letter from Wilkins, if she was willing to do so. As such, we affirm the summary denial for the reasons stated above, but do so without prejudice to Moss filing a new rule 3.850 motion with a sworn affidavit or letter from the victim recanting her testimony with specificity. If Moss files such a motion, the lower court may consider, along with the other facts, whether the recantation lacked indicia of reliability because it is being made after the running of the statute of limitations for perjury. See Robinson v. State, 707 So.2d 688, 692 n. 8 (Fla.1998).
Affirmed Without Prejudice.
WARNER, TAYLOR and HAZOURI, JJ., concur.