957 So.2d 683 (2007)
Bryan Keith WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4277.
District Court of Appeal of Florida, Fifth District.
May 4, 2007.
Rehearing Denied June 8, 2007.
*684 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Bryan Keith Wilson appeals the denial of his motion to correct an illegal sentence. Wilson argues that his sentences violated Apprendi[1] and Blakely[2] and that the court erred by imposing costs for incarceration. We affirm in part and reverse in part.
Wilson was convicted in 1999 of 13 counts of sexual battery on a child by a person in parental or custodial authority and sentenced to 13 concurrent life sentences.[3] His direct appeal of these convictions and sentences was voluntarily dismissed in September 1999. Wilson was later resentenced under Heggs,[4] receiving concurrent 319.25-month sentences for the first four counts and nine concurrent life sentences for the remaining counts. His scoresheet for the last nine counts reflected that, even without any points for sexual contact or penetration, Wilson scored at 460 points, which exceed the 363 points that permitted the court to impose life sentences. In addition, the court imposed costs of incarceration of $50 daily and $250,000. The trial court rejected Wilson's contention that imposition of costs of incarceration violated double jeopardy, was vindictive, and duplicative.
Wilson's convictions and sentences became final on 13 September 1999, when his direct appeal from his convictions and *685 sentences were voluntarily dismissed. See Moss v. State, 943 So.2d 946, 947 (Fla. 4th DCA 2006). He was not entitled to relief under Apprendi and Blakely, because both were decided after his sentences became final. Langford v. State, 929 So.2d 598, 600 (Fla. 5th DCA 2006). Even if this court could consider the issue, no Apprendi error occurred. His nine life sentences were permissible, even absent sexual penetration points. As to his four 319.25-month sentences, courts deciding whether Apprendi error occurred before Blakely asked whether the sentence exceeded that permitted under the applicable version of section 775.082, Florida Statutes. See, e.g., Thompson v. State, 949 So.2d 1169 (Fla. 1st DCA 2007). Here, 319.25 months did not exceed the 30-year maximum sentence for a first degree felony. Wilson was not entitled to Apprendi relief.
Wilson also argues that the court lacked authority to impose the costs of incarceration because section 960.297, Florida Statutes (2003), provided that the State may pursue a separate civil action, but did not permit the costs to be imposed by the trial court here. He also contends that, even if the court could impose the costs of incarceration, the imposition of $50 daily and $250,000 was duplicative. Wilson is partially correct.
We disagree with Wilson's interpretation of the statute. Section 960.292 details the procedure for imposing a civil restitution lien order, stating in pertinent part:
(1) Upon conviction, the convicted offender shall incur civil liability for damages and losses to crime victims, the state, its local subdivisions, and aggrieved parties as set forth in s. 960.293. The conviction shall estop the convicted offender from denying the essential allegations of that offense in any subsequent proceedings.
(2) Upon motion by the state . . . or on its own motion, the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of . . . the state, its local subdivisions, and other aggrieved parties. The court shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders.
Though the lien is a civil remedy rather than criminal punishment, Goad v. Department of Corrections, 845 So.2d 880, 884-85 (Fla.2003), section 960.292(2) explicitly provides that the trial court may enter the civil restitution lien order. See McMurry v. State, 890 So.2d 494, 494-95 (Fla. 5th DCA 2004). Accordingly, Wilson's procedural argument lacks merit.
We agree that Wilson is entitled to partial relief with respect to the costs of incarceration. Section 960.293 provides that:
(2) Upon conviction, a convicted offender is liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs.
(a) If the conviction is for a capital or life felony, the convicted offender is liable for incarceration costs and other correctional costs in the liquidated damage amount of $250,000.
(b) If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender's sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions.
Here, Wilson argues the court erred by imposing both $50 daily and $250,000 for costs. We agree. The Civil Restitution Lien and Crime Victims' Remedy Act, which contains section 960.293, does not violate substantive due process because it bears a reasonable relationship to the legislative objective of alleviating the financial burden on the State resulting *686 from the costs of incarceration. Ilkanic v. City of Fort Lauderdale, 705 So.2d 1371, 1372-73 (Fla.1998); see also § 960.29(3) & (4) (noting the Act rests on the principle of remediation, not punishment, and that the civil restitution liens are intended to assist the State and its subdivisions to recover the costs resulting from a convicted offender's sentence). Because Wilson's civil liability boils down to his responsibility to pay for his room, board, and other incarceration costs, see Goad, 845 So.2d at 885, Wilson is liable under section 960.293(2) for either $50 daily or $250,000, but not both. The State argues that these constituted separate costs and were not punitive, but this misses the point. Because the Act relates to the costs of incarceration, rather than constituting punishment, Wilson should not be double-charged. On remand, the trial court should strike that portion of its order that imposed $50 daily for the costs of Wilson's incarceration.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings in accordance with this opinion.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[2] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[3] § 794.011(8)(b), Fla. Stat. (1998). The crimes were first-degree felonies.
[4] Heggs v. State, 759 So.2d 620 (Fla.2000).