STEVENSON, J.
Albert Guilder appeals his conviction for attempted first degree murder, challenging the denial of his motion for substitution of counsel and a' continuance; the self-defense jury instructions; the order granting restitution to the victim, but reserving as to amount; and the civil restitution liens entered in favor of both the Broward County Sheriffs office and the State. We affirm as to all issues except the defendant’s claim that the trial court erred in imposing civil restitution liens for incarceration costs in favor of both the Sheriffs office and the State. We write solely to address that issue.
Here, the trial court imposed a $25,500 civil restitution lien in favor of the Sheriffs office and a $250,000 lien in favor of the State, relying upon section 960.293, Florida Statutes (2006). The statute provides that
(2) Upon conviction, a convicted offender is liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs.
(a) If the conviction is for a capital or life felony, the convicted offender is liable for incarceration costs or other correctional costs in the liquidated damage amount of $250,000.
(b) If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender’s sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions.
§ 960.293(2)(a)-(b), Fla. Stat.[1]
The defendant insists the statute did not allow the trial court to impose a lien in favor of both the Sheriffs office and the State, relying upon Wilson v. State, 957 So.2d 683, 684-85 (Fla. 5th DCA 2007), review denied, 83 So.3d 711 (Fla.), cert. denied, — U.S.-, 132 S.Ct. 2399, — L.E.2d- (2012). In Wilson, the trial court imposed “costs of incarceration of $50 daily and $250,000,” relying upon subsections (a) and (b) of the statute. The Fifth District reversed, holding the statute was intended to impose liability for a defendant’s room, board, and other costs of incarceration and to impose a lien under both subsections would be to “double-charge” the defendant. Id. at 686. The Fifth District rejected the State’s argument that liens under both subsections were permissible as the liens “constituted separate costs.” Id.
The State insists Wilson is not disposi-tive because nothing in the opinion indicates the liens were imposed in favor of two separate entities, as is the case here. The State contends there is nothing dupli-cative in the liens as the $25,500 lien in favor of the Sheriffs office is intended to *1065 compensate it for the 1,810 days the defendant spent in jail prior to conviction. We disagree with the State’s position. Whatever factual distinctions exist between Wilson and the instant case, and regardless of the wisdom of compensating local law enforcement for pre-trial incarceration, the plain language of the statute simply does not permit the imposition of a lien under both subsections. As written, section 960.293 sets forth two scenarios: one where the defendant is convicted of a capital or life felony, triggering a liquidated damages lien of $250,000; and one where the defendant is convicted of any offense other than a capital or life felony, triggering a lien in the amount of $50 per day for each day of the sentence imposed.
Here, the defendant was convicted of attempted first degree murder, a life felony. See §§ 782.04(l)(a)l.; 777.04(4)(b); 775.087(l)(a), Fla. Stat. (2006). Thus, the only subsection of the statute that is applicable is subsection (a). Nothing in the statute can be read as authorizing a per diem restitution award where the defendant is convicted of a life felony. Accordingly, the civil restitution lien in favor of the Sheriffs Office is reversed.

Affirmed in part and Reversed in part.

WARNER and GROSS, JJ., concur.

. In 2009, subsection (2)(b) was amended and a final sentence added. The final sentence of the subsection now reads "Damages shall be based upon the length of the sentence imposed by the court at the time of sentencing.” § 960.293(2)(b), Fla. Stat..