# Third District Court of Appeal

### State of Florida

Opinion filed November 04, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2840
Lower Tribunal No. 96-30425-K
_____


**Jacquelyn Nickerson,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Mark Jones, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.


Before SHEPHERD, ROTHENBERG, and SCALES, JJ.

ROTHENBERG, J.

The defendant, Jacquelyn Nickerson, appeals the trial court's order granting

the State's Motion Requesting the Court to Retain Jurisdiction ("Motion to Retain Jurisdiction") over the defendant for a period of five years for the sole purpose of imposing civil restitution lien orders pursuant to section 960.292(2), Florida Statutes (2014). Because the trial court had jurisdiction to rule on the State's Motion to Retain Jurisdiction and because section 960.292(2) authorizes the trial court to retain such jurisdiction over a convicted felon for the sole purpose of entering civil restitution lien orders for up to five years from release from supervision, we affirm the order under review.

On September 26, 1997, the defendant pled guilty to grand theft in the second degree, and she was placed on probation for fifteen years and ordered to pay over $122,000 in restitution to the victim. The defendant's probation was later modified, and her term of probation was extended to November 20, 2012.

The month before the defendant's term of probation was to terminate, the Florida Department of Corrections ("DOC") filed a violation of probation affidavit, alleging that the defendant failed to make the ordered restitution payments. After numerous continuances, the violation of probation hearing was held, and ultimately, on October 17, 2014, the trial court ruled that the defendant established that she did not have the ability to pay restitution, and therefore, did not willfully violate her probation. The State then orally moved for the trial court to retain jurisdiction over the defendant for five years for the sole purpose of entering

2

civil restitution lien orders in favor of the victim as set forth in section 960.292(2).

At defense counsel's request, the trial court ordered the State to file a written motion, but announced that it was "reserv[ing] jurisdiction for purposes of restitution and for determining this motion." There was no objection from defense counsel.

As requested by defense counsel, the State filed its written Motion to Retain Jurisdiction[1] pursuant to section 960.292(2), Florida Statutes (2014), which provides:

> Upon motion by the state, upon petition of the local subdivision, crime victim, or aggrieved party, or on its own motion, the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of crime victims, the state, its local subdivisions, and other aggrieved parties. The court shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders for the duration of the sentence and up to 5 years from release from incarceration or supervision, whichever occurs later.

At a hearing conducted on October 27, 2014, defense counsel argued that the

---

[1] The victim was also present at the hearing conducted on October 17, 2014, where the trial court ruled that the defendant had not violated her probation. The victim, like the State, orally requested that the trial court retain jurisdiction to impose civil restitution orders. Following that hearing, the victim filed a written "Motion to Enforce Civil Restitution Lien and For Entry of Amended Civil Restitution Lien Order and Income Deduction/Withholding Order" ("Motion to Enforce Civil Restitution Lien"). At the October 24, 2014 hearing, the trial court addressed both the State's Motion to Retain Jurisdiction and the victim's Motion to Enforce Civil Restitution Lien. However, it appears that the trial court has entered a written order solely on the State's Motion to Retain Jurisdiction, and therefore, only that order is before this Court.

trial court did not have jurisdiction to rule on the State's motion to retain jurisdiction because the trial court's jurisdiction over the defendant terminated on November 12, 2012, the date the term of probation was scheduled to expire, or at the latest, on October 17, 2014, when the trial court orally ruled that the defendant did not violate her probation by failing to pay restitution. We disagree.

Without rehashing the facts already set forth in this opinion, on November 20, 2012—the date the defendant's term of probation was scheduled to terminate absent a violation—the DOC's violation of probation affidavit was pending before the trial court, and therefore, at that point, the trial court maintained jurisdiction. Thereafter, at the hearing held on October 17, 2014, where the trial court ruled that the defendant had not violated her probation, the trial court clearly stated that it was "reserv[ing] jurisdiction for purposes of restitution and for determining [the State's written] motion." Therefore, contrary to the defendant's assertion, the trial court had jurisdiction at the October 24, 2014 hearing to rule on the State's Motion to Retain Jurisdiction. Finally, the trial court properly granted the State's Motion to Retain Jurisdiction pursuant to section 960.262(2), which permits the trial court to retain jurisdiction over a convicted offender for a period of five years from release from supervision, which period commenced on November 20, 2012. Accordingly, we affirm the order under review.

Affirmed.