Gross, J.
The state appeals the trial court’s denial of (1) its motion to order restitution as part of defendant’s sentence, filed five *111 days after sentencing, and (2) its motion for entry of a civil restitution lien pursuant to section 960.292, Florida Statutes (2015). Because restitution may be imposed up to 60 days after sentencing, we reverse and remand for a restitution hearing.
Defendant Paul Sandomeno pled open to the court for two counts of driving under the influence causing serious bodily injury. On July 17, 2015, the trial court sentenced him to concurrent sentences of 5 years in prison. Restitution was not mentioned at sentencing.
On July 22, 2015, the state moved for a restitution order as part of defendant’s sentence. Defendant opposed the motion, arguing that an order of restitution must be imposed at the time of sentencing. The trial court agreed with defendant and denied the motion. The state’s subsequent motion for entry of a civil restitution lien on behalf of the victims pursuant to section 960.292 was also denied after defendant argued that the statute did not allow the state to file a civil suit for damages.
Section 775.089(l)(a), Florida Statutes (2015) provides that “the court shall order the defendant to make restitution to the victim.” “Section 775.089(l)(a) requires the trial court to order a defendant to make restitution for damage or loss caused by the defendant’s offense or related to the defendant’s criminal episode unless the trial court finds clear and compelling reasons not to order restitution.” Kirby v. State, 868 So.2d 238, 242 (Fla. 2003).
Recognizing that this statute makes restitution mandatory, the Florida Supreme Court has held “that an order of restitution must be imposed at the time of sentencing or within sixty days thereafter.” Sanderson v. State, 625 So.2d 471, 473 (Fla. 1993); see also L.O. v. State, 718 So.2d 155 (Fla. 1998) (reaffirming its holding in Sanderson). This is consistent with Florida Rule of Criminal Procedure 3.800(c), which allows for modification to a sentence within 60 days after it is imposed. The trial court thus erred in denying the state’s motion for an order of restitution filed 5 days after imposition of defendant’s sentence.
The trial court also erred in denying the state’s motion for entry of a civil restitution lien on behalf of the victims. Section 960.292(2) provides that, “[u]pon motion by the state ... the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of crime victims, the state, its local subdivisions, and other aggrieved parties.” The statute gives the trial court “continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders for the duration of the sentence and up to 5 years from release from incarceration or supervision, whichever occurs later.” Id.; see also Nickerson v. State, 178 So.3d 538, 539 (Fla. 3d DCA 2015) (explaining that section 960.292(2) “permits the trial court to retain jurisdiction over a convicted offender for a period of five years from release from supervision”).
We therefore reverse and remand for a restitution hearing, at which the trial court shall consider both restitution and the entry of a civil restitution lien. In all other respects, the conviction is affirmed.

Reversed and remanded.

Warner and May, JJ., concur.