DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA DEPARTMENT OF CORRECTIONS,**
Appellant,

v.

**IVAN DE LA PAZ,**
Appellee.

No. 4D2023-2244

[May 29, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas Michael Lynch, V, Judge; L.T. Case No. 19-010770-CF10A.

Charles T. Martin, Jr., Assistant General Counsel, Florida Department of Corrections, Tallahassee, for appellant.

Daniel A. Callahan of the Law Office of Daniel A. Callahan, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

The Florida Department of Corrections ("DOC") appeals the trial court's order denying its motion for imposition of a civil restitution lien judgment against Ivan De La Paz ("Defendant"). We reverse and remand for the trial court to grant DOC's motion and impose the civil restitution lien judgment.

Defendant was charged with two first-degree felonies for which he entered into a negotiated plea. At sentencing, the court entered an order which, among other things, required Defendant to pay restitution to the victim in an amount to be determined. The order further provided that "[t]he court retains jurisdiction to modify restitution in this case." The court did not enter an order requiring restitution for incarceration costs.

Within eight months after entry of the restitution order, DOC filed its motion for imposition of a civil restitution lien judgment pursuant to the Florida Civil Restitution Lien and Crime Victims' Remedy Act (the "Act"), specifically sections 960.291(5)(b)(1) and 960.293(2)(b), Florida Statutes

(2022).  In its motion, DOC sought liquidated damages for Defendant's incarceration costs.[1]

At the hearing on DOC's motion, Defendant raised the following arguments in opposition: (1) the restitution lien needed to be imposed at the time of sentencing, and thus later imposition of the lien without a reservation of jurisdiction would increase the sentence imposed and violate double jeopardy; and (2) the assessment of liquidated damages without an opportunity to challenge the actual costs violated due process, specifically when the costs included amounts for days that were not served in a DOC facility.[2]  Ultimately, the trial court found that "the Florida Department of Corrections' lien cannot be imposed because it was not part of the initial sentence."  This appeal follows.

The primary issue on appeal, and the basis for the trial court's ruling, is whether the restitution lien must be imposed at the time of sentencing. Section 960.292(1), Florida Statutes (2022), provides: "Upon conviction, the convicted offender shall incur civil liability for damages and losses to crime victims, the state, its local subdivisions, and aggrieved parties as set forth in s. 960.293."  Section 960.292(2), in turn, provides:

> Upon motion by the state, upon petition of the local subdivision, crime victim, or aggrieved party, or on its own motion, the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of crime victims, the state, its local subdivisions, and other aggrieved parties. The court shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders for the duration of the sentence and up to 5 years from release from incarceration or supervision, whichever occurs later.

---

[1] Section 960.293(2)(b), Florida Statutes (2022), provides:

> If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender's sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions.  Damages shall be based upon the length of the sentence imposed by the court at the time of sentencing.

DOC sought liquidated damages for Defendant's 5-year sentence (1,825 days) at $50 per day, for a total amount of $91,250.

[2] Defendant was incarcerated at the Broward County Jail for a total of 924 days prior to his transfer to a DOC facility.

§ 960.292(2), Fla. Stat. (2022).

Section 960.292(2)'s plain language tells us that a civil restitution lien is not required to be imposed at the time of sentencing. *See Nickerson v. State*, 178 So. 3d 538, 539 (Fla. 3d DCA 2015) (explaining that section 960.292(2) "permits the trial court to retain jurisdiction over a convicted offender for a period of five years from release from supervision"). Defendant concedes that DOC's motion was filed within the period set forth in section 960.292(2). Therefore, the court's denial of the motion on the ground that the civil restitution lien had to be ordered at the time of sentencing was error. *See State v. Sandomeno*, 217 So. 3d 110, 111 (Fla. 4th DCA 2017) (holding the trial court erred in denying the motion for entry of a civil restitution lien on behalf of the victims, citing to section 960.292(2) and noting that "[t]he statute gives the trial court continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders for the duration of the sentence and up to 5 years from release from incarceration or supervision, whichever occurs later" (citation and internal quotation marks omitted)).

Finally, we reject Defendant's constitutional challenges to section 960.292, Florida Statutes (2022), as such challenges have been twice rejected by the Florida Supreme Court. *See Ilkanic v. City of Fort Lauderdale*, 705 So. 2d 1371, 1372–73 (Fla. 1998) (holding that a civil restitution judgment is not a component of criminal punishment and therefore does not violate equal protection or substantive due process when imposed by the court after sentencing); *Goad v. Fla. Dep't of Corr.*, 845 So. 2d 880, 884–85 (Fla. 2003) (holding the Act is civil in nature and does not violate the right to substantive due process, and explaining that there is no vested right to free room and board while incarcerated and "the State's purpose for the Act—the urgent need to alleviate the increasing financial burdens on the State and its local subdivisions caused by the expenses of incarcerating convicted offenders—is proper"); *see also Fla. Dep't of Corr. v. Holt*, 373 So. 3d 969, 971 (Fla. 2d DCA 2023) ("The fact that the court of conviction has jurisdiction to impose the lien does not render the proceedings criminal. Rather, the criminal court's authority to impose the civil restitution lien reflects the legislature's intention to create an accelerated method of imposing a civil restitution judgment." (citation omitted)); *Wilson v. State*, 957 So. 2d 683, 685–86 (Fla. 5th DCA 2007) (holding that the Act "does not violate substantive due process because it bears a reasonable relationship to the legislative objective of alleviating the financial burden on the State resulting from the costs of incarceration").

*Reversed and remanded.*

MAY and CONNER, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*